UNITED STATES of America, Appellee,

v.

George JOHNSON, Defendant-Appellant.

No. 287, Docket 27835.

United States Court of Appeals Second Circuit.

Argued March 20, 1963.

Decided April 10, 1963.

**715**

Leon B. Polsky, New York City (Anthony F. Marra, New York City, on the brief), for defendant-appellant.

Joseph P. Hoey, U. S. Atty., Eastern District of New York (Martin R. Pollner, Asst. U. S. Atty., of counsel), for appellee.

Before LUMBARD, Chief Judge, and CLARK and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of New York, Zavatt, J., which denied petitioner-appellant's petition, considered as a motion filed under 28 U.S.C.A. § 2255, which sought to vacate his sentence. 207 F.Supp. 115 (E.D.N.Y.1962).

On September 29, 1959, appellant George Johnson and one Lawreva Johnson were indicted in a one-count indictment charging them with possession of matter stolen from the mails (18 U.S.C.A. § 1708). On October 6, 1959, George Johnson was arraigned, assigned counsel, and entered a plea of guilty to the indictment. Sentence was adjourned to October 23rd and then adjourned to October 30th. On that date Johnson, with assigned counsel present, was "sentenced" [1] by Judge Zavatt to imprisonment "for a period of five years under Title 18, Section 4208(b) for study and report, pursuant to Title 18, Section 4208(c)."

The appellant was thereupon committed to the United States Penitentiary at Lewisburg, Pa. On January 4, 1960, the District Court received the report of the Bureau of Prisons and "affirmed" the October 30th sentence.[2] On June 26, 1962, appellant petitioned for leave to

1. "The Court: Now, under this Section 4208(b), your lawyer knows this, but you don't, where the Court wants to have a further study made, what it does in the first instance is to prescribe the maximum sentence that is subject to the report, and then when the Court receives the report, it can leave the sentence at the maximum sentence; it can reduce the sentence, and impose any conditions that it wants to; it can even suspend sentence.

"Now, the maximum sentence you know for this offense of yours is five years.

"You have had three-year sentences and that has done you no good. So that you understand what I am doing, I am going to sentence you under this Section to five years and commit you to the Attorney General for study and a report.

"I get that report within three months. If they need further time, I can give them only another three months' time to make their study and report. And when I get that report, I can decide what the proper sentence will be for you.

"So the sentence of the Court, George Johnson, is that you be committed to the custody of the Attorney General or his duly authorized representative for study in accordance with Section 4208(b) of Title 18 of the Code, and 4208(c) of the Code. That commitment to him for study by statute is deemed to be for five years. When I get the report, I will then decide finally what sentence is going to be imposed upon you."

2. "The defendant having been convicted upon his plea of guilty of the offense of possessing stolen mail in violation of 18 U.S.C. § 1708, and having on October 30, 1959 been committed to the custody of the Attorney General pursuant to 18 U.S.C. Sec. 4208(b) for imprisonment for a period of five years and for a study described in 18 U.S.C. Sec. 4208(c) and the court having now received and considered the report of such study.

"IT IS ORDERED AND ADJUDGED that the sentence of imprisonment heretofore imposed and the judgment entered thereon be affirmed and

"IT is further ordered that the defendant may become eligible for parole at such time as the Board of Parole may determine as provided by 18 U.S.C. Sec. 4208 (a) (2)."

file a petition in forma pauperis for a writ of habeas corpus, alleging that the court was without power to enter its January 4, 1960 judgment because it was entered in the absence of the defendant and without giving the defendant his right of allocution provided in Rule 32(a) of the Federal Rules of Criminal Procedure. Since Johnson was incarcerated outside the jurisdiction of the court, Judge Zavatt properly considered the application for a writ of habeas corpus as an application for relief pursuant to 28 U.S.C.A. § 2255, and it was under that provision that he denied relief. United States v. Johnson, 207 F.Supp. 115 (E.D.N.Y.1962).

We are convinced that this was error because defendant's counsel should have been given adequate notice of the January 4th hearing, defendant should have been present at such hearing, and he should have been afforded an opportunity to be heard before the January 4th order was entered.

Rule 43 of the Federal Rules of Criminal Procedure requires the presence of the defendant at every stage of the trial "and at the imposition of sentence." This is a restatement of existing law and the Government concedes that if the January 4th order amounted to an imposition of sentence defendant should have been present. Defendant would also be entitled to his right of allocution under Rule 32(a) of the Federal Rules of Criminal Procedure. Therefore, the two questions for decision are: (1) Whether the January 4th proceedings had to do with the imposition of sentence within the purview of Rules 32(a) and 43; and, (2) if this be true, whether redress for the denial of these rights may be sought by an application for relief under 28 U.S.C.A. § 2255.

At the 1961 Highland Park, Illinois, Seminar and Institute on Disparity of Sentences it is reported: "The question of whether an offender must be returned to court for sentencing following a 4208(b) commitment was discussed extensively with a majority of judges taking the position that the best practice is to require his return to court." 30 F.R.D. 401, 439. We believe there can be no doubt that the defendant should have been present at the January 4th proceeding. The earlier sentence, both in the eyes of the law [3] and in the words of the judge,[4] was subject to further action after receipt of the report. Moreover, a right as fundamental as that of being present when sentence is imposed should not turn on so subjective and speculative a matter as the sentencing judge's intention; it should turn on what was, and not what was thought to have been, done. "The declared object and purpose of § 4208(b) is to enable the court to obtain such detailed information as may aid it in determining the actual sentence to be imposed." Behrens v. United States, 312 F.2d 223, 226 (7 Cir. 1962); see also: Grabina v. United

---

**3.** The terms of 18 U.S.C.A. § 4208(b) provide:

"If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case, shall be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) Place the prisoner on probation as authorized by section 3651 of this title, or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law. The term of the sentence shall run from date of original commitment under this section."

**4.** The judge told the defendant, "And when I get that report, I can decide what the proper sentence will be for you." He added, "When I get the report, I will then decide finally what sentence is going to be imposed upon you." See footnote 1.

States, 369 U.S. 426, 82 S.Ct. 880, 8 L.Ed.2d 7 (1962). Since the final terms of sentence were not fixed until the proceeding on January 4th, the defendant had a right to be present at that time. There is nothing to the contrary in § 4208(b). Although there is a reference to "the sentence of imprisonment originally imposed," which the court can "affirm" or "reduce," the section speaks also of a "commitment" which is *deemed to be* for the maximum sentence of imprisonment prescribed by law." (Emphasis added.)

■ The remaining question is whether this denial of the right to be present can be properly asserted in a § 2255 proceeding. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) and Machibroda v. United States, 368 U.S. 487, 489, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) hold that the right of allocution when the defendant is present is waived if not raised directly and that consequently the judgment is not subject to collateral attack. However, in Hill, 368 U.S. at 429, 82 S.Ct. at 472, the majority opinion was careful to point out:

> "It is to be noted that we are not dealing here with a case where the defendant was affirmatively denied an opportunity to speak during the hearing at which his sentence was imposed. * * * Indeed, there is no claim that the defendant would have had anything at all to say if he had been formally invited to speak. Whether § 2255 relief would be available if a violation of Rule 32(a) occurred in the context of other aggravating circumstances is a question we therefore do not consider."

In the instant case the defendant's counsel was not notified, defendant was not present, and we cannot speculate as to what defendant or his counsel might have said or what legal moves they might have made to protect and preserve defendant's rights. Cf. Green v. United States, 313 F.2d 6, 9–10 (1 Cir. 1963).

The underlying judgment of conviction is not affected by the infirmity of the sentencing procedure. Therefore, we reverse and remand with directions that the judgment of January 4, 1960, be vacated and that the District Court proceed to cause the petitioner to be returned to the Court for further proceedings in the exercise of its jurisdiction under 18 U.S.C.A. § 4208(b), consistent with the views herein expressed.

We hereby express our appreciation to Leon B. Polsky, Esq., of the Legal Aid Society, who so ably served the petitioner on this appeal as court-appointed counsel.

Reversed and remanded with instructions.