## COREY *v.* UNITED STATES.

No. 31.   Argued October 17, 1963.—Decided December 9, 1963.

*Russell Morton Brown* argued the cause for petitioner. With him on the brief was *Maurice C. Goodpasture.*

*Louis F. Claiborne* argued the cause for the United States.   With him on the brief were *Solicitor General Cox, Assistant Attorney General Miller, Beatrice Rosenberg* and *Theodore George Gilinsky.*

*Leon B. Polsky* filed a brief for the Legal Aid Society, as *amicus curiae,* urging reversal.

MR. JUSTICE STEWART delivered the opinion of the Court.

The petitioner was convicted by a jury in the United States District Court in Massachusetts upon a 75-count indictment for making false claims against the Govern-

ment in violation of 18 U. S. C. § 287. The trial judge, after preliminary sentencing hearings, came to the conclusion that it would be helpful "for the Court to know something more about the defendant than I have seen or heard up to date." Accordingly, the court entered an order committing the petitioner "to the custody of the Attorney General of the United States under Title 18, United States Code, 4208 (b)."[1] More than three months later, after considering the report which the Bureau of Prisons had submitted in accordance with § 4208 (b), the trial judge, in a proceeding at which the petitioner and his counsel were present, entered an order suspending imposition of sentence and placing the petitioner on probation for two years. Three days later the petitioner filed a notice of appeal.

Upon motion of the Government the appeal was dismissed as untimely, on the ground that the period for appeal had expired 10 days after entry of the trial court's initial order committing the petitioner for study under

[1] 18 U. S. C. § 4208 (b) provides:

"If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case, shall be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) Place the prisoner on probation as authorized by section 3651 of this title, or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law. The term of the sentence shall run from date of original commitment under this section."

18 U. S. C. § 4208 (b). Pointing out that § 4208 (b) provides that such a commitment "shall be deemed to be for the maximum sentence of imprisonment prescribed by law,"[2] the Court of Appeals reasoned that "at this point the defendant was on notice as to the extent of his punishment. If he desired to appeal, this was the time that he should have acted."[3]  307 F. 2d 839, 840. We granted certiorari, 371 U. S. 966, to consider questions which have arisen in the District Courts and Courts of Appeals in the application of 18 U. S. C. § 4208 (b).[4]

The procedural rules governing the usual course of criminal appeals in the federal judicial system are well settled. After a plea or finding of guilty, sentence is to be imposed "without unreasonable delay."[5]  A judgment of conviction setting forth the sentence is then entered,[6] and a notice of appeal must be filed within 10 days thereafter.[7]  The record is filed with the Court of Appeals and

---

[2] See note 1, *supra.*

[3] Since the petitioner was convicted upon each of 75 counts under 18 U. S. C. § 287, and since each offense under that statute is punishable by a prison term of up to five years, "the extent of his punishment," if it was the "maximum sentence of imprisonment prescribed by law," was 375 years in prison. Such a sentence, if actually imposed for the substantive offenses in question, would obviously raise a serious issue under the Eighth Amendment of the Constitution.

[4] In *Behrens* v. *United States,* 312 F. 2d 223 (1962), certiorari granted, 373 U. S. 902, the Court of Appeals for the Seventh Circuit, holding that the defendant and his counsel must be present when sentence is imposed following receipt of the Bureau of Prisons report, apparently considered that proceeding—rather than the earlier commitment order—as the one from which the time for appeal would begin to run. On the question of the right of the defendant and his counsel to then be present, we have today affirmed that decision. *United States* v. *Behrens, ante,* p. 162. See also *United States* v. *Johnson,* 315 F. 2d 714 (C. A. 2d Cir. 1963).

[5] Rule 32 (a), Fed. Rules Crim. Proc.

[6] Rule 32 (b), Fed. Rules Crim. Proc.

[7] Rule 37 (a) (2), Fed. Rules Crim. Proc.

the appeal docketed within 40 days thereafter,[8] and the appeal is heard "as soon . . . as the state of the calendar will permit." [9] Pending disposition of the appeal, the sentence is stayed unless the defendant elects otherwise,[10] and the defendant may be released on bail.[11]

The dominant philosophy embodied in these rules reflects the twin concerns that criminal appeals be disposed of as expeditiously as the fair and orderly administration of justice may permit, and that the imposition of actual punishment be avoided pending disposition of an appeal. In the ordinary criminal case, where the imposition of a sentence follows promptly upon a determination of guilt, no problem arises in the application of these appellate rules or in the effectuation of the policies which they reflect. An appeal may not be taken until after the pronouncement of sentence, and must be taken promptly after sentence is imposed.

But under the provisions of 18 U. S. C. § 4208 (b) the trial judge sentences a convicted defendant not once, but twice. The judge first imposes a sentence of imprisonment "deemed to be" the maximum prescribed by the law, and then, after the defendant has been imprisoned for three or six months, the judge fixes a new sentence which may be quite different from the one originally imposed. The present case illustrates the problem which then arises. That problem, simply stated, is how, in cases where trial judges have utilized the sentencing provisions authorized by 18 U. S. C. § 4208 (b), the rules governing criminal appeals are to be applied so as neither to frustrate their purpose nor to impair the efficacy of the flexible sentencing procedure which Congress devised in enacting

---

[8] Rule 39 (c), Fed. Rules Crim. Proc.

[9] Rule 39 (d), Fed. Rules Crim. Proc.

[10] Rule 38 (a) (2), Fed. Rules Crim. Proc.

[11] Rule 46 (a) (2), Fed. Rules Crim. Proc.

18 U. S. C. § 4208 (b).[12] We have concluded that in such cases an appeal may be taken within the time provided by Rule 37 (a)(2), Fed. Rules Crim. Proc., after either the first *or* the second sentence under § 4208 (b), at the option of the convicted defendant.

It would obviously contravene the basic policies of the criminal appellate rules to require a defendant sentenced under § 4208 (b) to defer his appeal until after he had submitted to the three or six months of incarceration and diagnostic study prescribed by the statute. Such a requirement would not only forestall any opportunity of a prompt appeal from an underlying criminal conviction, but would deprive a convicted defendant of the substantial right to be enlarged on bail while his appeal was pending. Indeed, the imposition of such a mandatory three- or six-month term of imprisonment before the defendant could file an appeal might raise constitutional problems of significant proportions.

But we need not consider such problems, because a § 4208 (b) commitment is clearly not lacking in sufficient "finality" to support an immediate appeal, and there is nothing to indicate that Congress intended that the right of appeal be mandatorily suspended in cases where the provisions of § 4208 (b) are utilized. The provisions of § 4208 (b) are invoked only after "a judgment of conviction." [13] The defendant is committed under § 4208 (b)

---

[12] Section 4208 (b) was enacted in 1958 as part of broad legislation to improve sentencing practices in the federal courts. See 28 U. S. C. § 334 (providing for judicial sentencing institutes to be held in the various circuits); 18 U. S. C. § 4209 (extending the application of the Federal Youth Corrections Act to offenders between 22 and 26); 18 U. S. C. § 4208 (a) (authorizing a sentencing judge to delegate wide discretion to the Parole Board).

[13] 18 U. S. C. § 4208 (a) begins: "Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public

"to the custody of the Attorney General" as in the case of all sentenced prisoners.[14] It is provided that the term of the final sentence "shall run from date of original commitment under this section."

A sentence under these provisions, which is imposed only after the whole process of the criminal trial and determination of guilt has been completed, sufficiently satisfies conventional requirements of finality for purposes of appeal. The litigation is complete as to the fundamental matter at issue—"the right to convict the accused of the crime charged in the indictment." *Heike* v. *United States*, 217 U. S. 423, 429. "Final judgment in a criminal case," the Court has said, "means sentence. The sentence is the judgment." *Berman* v. *United States*, 302 U. S. 211, 212. This concept was later explained and amplified in words of complete applicability here: "The 'sentence is judgment' phrase has been used by this Court in dealing with cases in which the action of the trial court did not in fact subject the defendant to any form of judicial control. . . . But certainly when discipline has been imposed, the defendant is entitled to review." *Korematsu* v. *United States*, 319 U. S. 432, 434.

For these reasons it is clear to us that the petitioner in the present case could have appealed his conviction within 10 days after the entry of the original commitment order under § 4208 (b). Had he done so, the Court of Appeals could have reviewed all claims of error in the trial proceedings, and its determination would have been final,[15] subject only to discretionary review by this Court.

---

require that the defendant be sentenced to imprisonment for a term exceeding one year, may . . . ." While these words are not repeated in subsection (b), it is plain that they serve as an introduction to all of § 4208.

[14] See 18 U. S. C. § 4082.

[15] Only the final sentence which was later imposed would still have been open, under accepted procedures, to attack in the trial court

It does not follow, however, simply because a defendant *could* have sought review of his conviction after the initial commitment under § 4208 (b), that Congress intended to deny altogether the right of appeal to a defendant who chose to adopt the course followed by the petitioner in the present case. While an initial commitment under § 4208 (b) is, as we have pointed out, freighted with sufficiently substantial indicia of finality to support an appeal, the fact remains that the proceedings in the trial court are not actually terminated until after the period of diagnostic study, review of the same by the district judge, and final sentence. Cf. *United States* v. *Behrens, ante,* p. 162. There might be many reasons why a convicted defendant or his counsel would prefer to await final termination of the trial court proceedings before taking an appeal. For instance, a defendant might think, rightly or wrongly, that the trial court's knowledge that an appeal had already been taken might adversely influence the court's discretion in imposing final sentence. Moreover, if every defendant initially committed under § 4208 (b) to the maximum prison term prescribed by law were faced

---

and review on appeal, *e. g.,* for failure to accord the defendant and his counsel the right to be present and to be heard at the final sentencing proceeding. See *United States* v. *Behrens, ante,* p. 162.

If a defendant appeals after a preliminary commitment under § 4208 (b) and is enlarged on bail pending appeal, the further procedures under § 4208 (b) (including the pronouncement of final sentence) will necessarily be postponed until the appeal is determined (and eliminated entirely if the conviction is reversed), because the diagnostic study by the Bureau of Prisons cannot be carried out if the defendant is not incarcerated. On the other hand, if a defendant taking an appeal after an initial commitment under § 4208 (b) does not seek bail but elects to commence service of his sentence, there is no reason why the diagnostic study contemplated by the statute should not proceed. Modifications of sentences have in fact been made under § 4208 (b) while cases were on appeal. See *Armstrong* v. *United States,* 306 F. 2d 520, 521, n. 1 (C. A. 10th Cir. 1962); *United States* v. *Varner,* 283 F. 2d 900, 901 (C. A. 7th Cir. 1961).

with the choice of then and there seeking review of his conviction or forever losing the right of appeal, he might well feel obliged to take an appeal because of his very ignorance of what his sentence was eventually going to turn out to be. As a practical matter, the severity of the sentence actually imposed might in any case be a major factor in determining whether an appeal is to be taken.

Long-accepted and conventional principles of federal appellate procedure require recognition of the defendant's right to await the imposition of final sentence before seeking review of the conviction. That is the general rule. *Miller* v. *Aderhold,* 288 U. S. 206; *Berman* v. *United States,* 302 U. S. 211; *Cobbledick* v. *United States,* 309 U. S. 323; Rule 37 (a), Fed. Rules Crim. Proc. We find nothing to indicate that Congress intended to depart from that rule in enacting § 4208 (b).                    *Reversed.*

MR. JUSTICE HARLAN, dissenting.

While I agree with the majority that a criminal defendant who has been committed to the custody of the Attorney General under 18 U. S. C. § 4208 (b) has the right to prosecute an immediate appeal from the judgment of conviction, I am unable to accept the view, so contrary to long-accepted principles governing the time for seeking review, that he has also the alternative right to await final sentencing and then prosecute an appeal from the judgment of conviction. Accordingly, I would hold that the petitioner's attempted appeal at that stage of the proceedings was untimely.

It is clear that a § 4208 (b) commitment, which is necessarily preceded by a judgment of conviction, see 18 U. S. C. § 4208 (a), fully satisfies the requirement of finality under 28 U. S. C. § 1291. At that point in the proceedings, the merits have been fully litigated, the defendant has been adjudged guilty, and "discipline has been imposed," *Korematsu* v. *United States,* 319 U. S.

432, 434. In that case this Court held that after a finding of guilt an order placing the defendant on probation was a final appealable order. In the absence of an explicit statement of contrary congressional intent,[1] *Korematsu* controls this case, in which the disciplinary measure taken was an actual commitment to prison. The liberalization of sentencing procedures under § 4208 (b) does not require or even suggest that a defendant be deprived of his right speedily to test the validity of his conviction.

It is otherwise, however, with respect to an appeal following the imposition of final sentence in accordance with § 4208 (b). Of course it is true, as the majority points out, that the general rule is that the defendant may "await the imposition of final sentence before seeking review of the conviction," *ante,* p. 176. Indeed, the general rule is that he has no choice but to wait. The majority and I agree, for the reasons stated, that the separation of final judgment and final sentence under § 4208 (b) makes the rule inapplicable in this situation. Nevertheless, after having discarded the rule for one-half of its opinion, the majority relies on it as a justification for allowing the defendant the alternative of postponing his appeal until long after the final judgment of conviction has been rendered. This is explained only by a distinction, novel in this context, between final judgments and proceedings "not actually terminated," *ante,* p. 175. Congress could, of course, arm defendants committed under § 4208 (b) with this double-barreled shotgun. But there is nothing to indicate that it has done so.[2] In the absence of any

---

[1] I intimate no view as to whether such a statute would infringe constitutional rights.

[2] There is now pending in Congress a bill to amend § 4208 which provides that "the right to appeal shall run from the date the original sentence was imposed under subsection (b) of this section." S. 1956, 88th Cong., 1st Sess.

such indications, so radical a departure from long-established procedural principles should be made, in what is presumably an exercise of this Court's supervisory power over the administration of federal criminal justice, only where fairness imperatively so demands.

The majority finds such necessity in a defendant's possible preference to await final sentencing before deciding whether or not to appeal. A defendant, it is suggested, might fear that his taking of an appeal would have an adverse impact on the sentencing judge; or he might be disinclined to appeal if he is ultimately to receive a light sentence. Neither of these possibilities warrants the majority's innovation in review procedures. It should be a simple matter for a defendant who prefers to await the outcome of the § 4208 (b) proceeding before prosecuting his appeal to file a notice of appeal within the prescribed time after the original commitment and then secure a continuance pending final sentencing in the District Court.[3] I see no reason why a Court of Appeals should be reluctant to grant a continuance in these circum-

---

[3] I agree with the majority that if a defendant elects to commence service of sentence, the filing of a notice of appeal in the Court of Appeals would not prevent the § 4208 (b) proceedings from going forward in the District Court. Cases like *Berman* v. *United States*, 302 U. S. 211, and *United States* v. *Smith*, 331 U. S. 469, involved different problems and are not relevant in the present context. Final § 4208 (b) sentences have in fact been imposed in the District Court while an appeal was pending. See cases cited in the majority's opinion, *ante*, p. 175, note 15.

The requirement of Rule 39 (d), Federal Rules of Criminal Procedure, that an appeal be set for argument "not less than 30 days after the filing . . . of the record on appeal and as soon after the expiration of that period as the state of the calendar will permit" would obviously not prevent a continuance in these circumstances.

Of course, if a defendant chooses to be released on bail pending appeal, the proceedings under § 4208 (b) would then be postponed until remand of the case to the District Court following appellate affirmance of the conviction.

stances; were this not the case, such a requirement could be imposed by this Court in the exercise of its supervisory powers. That a defendant might believe, surely in all but the rare instance incorrectly, that the mere filing of a notice of appeal would weigh against him with the sentencing judge is hardly a persuasive consideration; with as much reason, he might believe that it would have the effect of stimulating the sentencing judge to reduce his sentence. In any event, it is surely inappropriate to structure review procedures around hypothetical beliefs of defendants in the maladministration of criminal justice.

New procedures designed to better the administration of criminal justice, such as § 4208 (b), should not without manifest need be the occasion for radical departures from established theory and practice. Seeing no need for such a departure in this case, I respectfully dissent and would affirm the judgment below.