Keith **FARRIES**, Appellant,

v.

**UNITED STATES of America.**

No. 17509.

United States Court of Appeals,
Third Circuit.

Submitted Jan. 11, 1971.

Decided March 15, 1971.

Keith X. Farries, pro se.

Samuel J. Orr, III, Asst. U. S. Atty.,
Pittsburgh, Pa. (Richard L. Thorn-
burgh, U. S. Atty., Pittsburgh, Pa., on
the brief), for appellee.

Before SEITZ and VAN DUSEN, Cir-
cuit Judges, and MASTERSON, District
Judge.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from a denial by the
district court of a motion to vacate sen-
tence pursuant to 28 U.S.C. § 2255.
(1964). On June 15, 1966, defendant
Farries was found guilty in the district
court by a jury on two counts of an in-
dictment charging violations of 18 U.S.
C. § 2113(a) (1964) and 18 U.S.C. §
2113(d) (1964). On June 16, 1966, de-
fendant was sentenced under 18 U.S.C. §
4208(b) (1964) and given the maximum
sentence provided for in 18 U.S.C. §
2113(a) and (d) (1964) (20 and 25
years, respectively) on each count in or-
der that a study could be made pursuant
to 18 U.S.C. § 4208(c) (1964), the maxi-
mum sentence being subject to reduction
in accordance with 18 U.S.C. § 4208(b)
(1964). At the June 16, 1966, sentenc-
ing defendant was advised of his right
to appeal. On September 28, 1966, after
the results of the study had been re-
ceived, the sentence on each count was
reduced to 15 years with eligibility for
parole at such time as the board of pa-
role might determine.[1] At the Septem-

1. In both sentences (June and September),
the sentence was imposed on count 2 (18

U.S.C. § 2113(d) (1964)) first, and the
subsequent imposed sentence on count 1

ber 28, 1966, sentencing defendant was not advised of his right to appeal. Rule 32(a) (2) of the Federal Rules of Criminal Procedure became effective on July 1, 1966. It provides in relevant part:

> *Notification of Right to Appeal.* After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis.

The September 28, 1966, reduction of sentence was clearly the imposition of a sentence from which an appeal could be taken. United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963); Corey v. United States, 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963). Since defendant was not advised of his right to appeal at the September 28, 1966, imposition of sentence, the requirements of Rule 32(a) (2) were not met. The proper remedy under these circumstances is to remand to the district court for vacation of the September 28, 1966, sentence and a resentencing,[2] which will then mark the beginning of the time limit for filing a notice of appeal. Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). *See* United States v. Deans, 436 F.2d 596 (3d Cir., Filed Jan. 6, 1971).

Defendant also claims that he was denied effective assistance of counsel by virtue of his court-appointed counsel's alleged failure to advise him of his right to appeal. Since defendant will now have an opportunity to perfect an appeal, it is unnecessary for us to consider this claim.

Since a new sentence must be imposed, we note that recent decisions of

this court require that a single sentence (rather than separate sentences on the two counts) be imposed in the situation presented by this record which may be no greater than the 15-year sentence of September 28, 1966.[3] *See* United States v. Corson, No. 18,862 (3d Cir., filed Jan. 4, 1971); United States v. Welty, 426 F.2d 615, 616 (3d Cir. 1970).

The July 3, 1968, order of the district court, denying the motion to vacate sentence, will be reversed, and the case remanded for further proceedings in accordance with this opinion.

---

was made concurrent with that imposed on count 2. Petitioner was represented by the same counsel appointed under the Criminal Justice Act at the time of both sentencing proceedings (Document 13).

2. At this resentencing, petitioner shall be informed of his appeal rights as required

by F.R.Crim.P. 32(a). See Nance v. United States, 422 F.2d 590, 592 (7th Cir. 1970).

3. This sentence was well within the maximum term specified in 18 U.S.C. § 2113 (d) (1964).