UNITED STATES of America,
Plaintiff-Appellee,

v.

Daniel Wayne BATES, Defendant-
Appellant.

No. 71-1549

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 23, 1971.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1,2]

UNITED STATES of America

v.

Kenneth OWENS et al., Appellant.

No. 71-1636.

United States Court of Appeals,
Third Circuit.

Submitted Dec. 17, 1971.

Decided Feb. 4, 1972.

Byrd R. Brown, Pittsburgh, Pa., for appellant.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa. (Kathleen Kelly Curtin, Asst. U. S. Atty., on the brief), for appellee.

Before BIGGS, VAN DUSEN and HUNTER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

The plaintiff appellant Farries was found guilty of bank robbery on both counts of a two-count indictment, 18 U.S.C. §§ 2113(a) and 2113(d), the latter count being based on the putting in jeopardy certain bank employees. He was incorrectly sentenced on September 28, 1966, but was finally sentenced on May 17, 1971. The sentences first imposed were vacated, 3 Cir., 439 F.2d 781, and Farris was sentenced on Count 2, no sentence being imposed on Count 1.

Farries has raised a number of grounds for reversal none of which is sound.[1a] There is no error in the record which affects any substantial rights of Farries. See Rule 52(a), Fed.R.Crim. Proc. 18 U.S.C.

Consequently, the judgment of conviction will be affirmed.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 431 F.2d 409, Part I (5th Cir. 1970).

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

2. On appeal, defendant complains of admission of improper lineup identification evidence. In view of the overwhelming other evidence of identification, any error was harmless. All other asserted errors relate to his claim that he was "morally insane." The issues assert that the government failed to prove sanity, that his motion for a judgment of acquittal should have been granted, and that the jury could not have found him sane under the court's instruction applying the test laid down in Blake v. United States, 407 F.2d 908 (5th Cir. 1969).

1a. Farries has argued, inter alia, that the trial court erred in its instructions to the jury on the elements required to establish a violation of 18 U.S.C. § 2113(d), that the trial court improperly admitted into evidence both the money identified as the proceeds of the robbery and testimony concerning this money, that his arrest, detention and placement in a line-up violated his constitutional rights, and that he was denied the effective assistance of counsel.