**UNITED STATES of America**

**v.**

**Michael H. HINKLE, Appellant.**

**No. 72–1989.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 4, 1974.

---

Robert L. Weinberg, Washington, D. C., and John J. F. Mathews, Arlington, Va. (appointed by this Court), were on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty:, John A. Terry, John T. Kotelly and Lee Cross, Asst. U. S. Attys., were on the brief for appellee.

Before ROBB and WILKEY; Circuit Judges, and VAN PELT,* United States Senior District Judge for the District of Nebraska.

PER CURIAM:

The appellant Hinkle was found guilty of armed robbery and was sentenced to five to twenty years in prison for his participation in a liquor store hold-up on February 11, 1971. His accomplice Albert Johnson was arrested about a block from the scene of the robbery by police officers Sims and Fentress who were staking out the store. Hinkle escaped but Johnson told Detective DeSoto at the Robbery Squad office that Hinkle had been the other robber. DeSoto then showed Officer Sims ten black-and-white photographs, including one of Hinkle, and Officer Sims positively identified appellant as one of the robbers. Hinkle was arrested pursuant to a warrant, and ordered by a magistrate to stand in a lineup; at that lineup both Officer Sims and Officer Fentress positively identified Hinkle as the second robber.

■ Appellant contends that the magistrate was without authority to order him to appear in a lineup; but since appellant was in lawful custody at the time of the lineup and had been presented· before a magistrate without unnecessary delay, this case falls within our holding in United States v. Anderson, 160 U.S.App.D.C. 217, 490 F.2d 785 (decided January 4, 1974). Accordingly we hold that the lineup was not improper.

■ At a pretrial hearing the prosecutor sought confirmation that he could impeach appellant, if he testified, on the basis of a second-degree murder conviction.[1] D.C.Code § 14–305. Appellant had been found guilty and had been committed for a Youth Corrections Act study under 18 U.S.C. § 5010(e), although final disposition had not yet been made. The District Court held that the order committing Hinkle for a § 5010(e) study was a "sentence" so that appellant had been "convicted" within the meaning of the impeachment statute. Appellant's counsel stated that "in light of that ruling" Hinkle would not testify. (Tr. 53).

Appellant argues that the District Court incorrectly interpreted "conviction" when it ruled that impeachment would be permitted if Hinkle testified. Relying on Crawford v. United States, 59 App.D.C. 356, 357, 41 F.2d 979, 980 (1930), appellant submits that "conviction" means a verdict of guilty and imposition of a sentence by the court. The district judge concluded that "a 5010(e) study is a sentence."

Commitment for a § 5010(e) study does not fall neatly into the stages ordinarily found in a criminal case, but this court has decided that commitment "constituted an imposition of sentence" where " 'the litigation is complete as to the fundamental matter at issue—"the right to convict the accused of the crime charged." ' " United States v. Fort, 133 U.S.App.D.C. 155, 158, 409 F.2d 441, 444 (1969), citing Corey v. United States, 375 U.S. 169, 174, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963).

Albert Johnson pleaded guilty to the robbery of the liquor store. Called as a witness for the appellant at trial he tes-

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Appellant's conviction in this case was recently affirmed by this court. United States v. Hinkle, 159 U.S.App.D.C. 334, 487 F.2d 1205 (1973).

tified that one Michael Brown was the other robber with him, and he said he had given Brown's name to Detective DeSoto on the night of the robbery. In rebuttal Detective DeSoto testified that Johnson had told him Hinkle—not Brown—was the other robber. Johnson was then recalled and testified that he had spoken to DeSoto during a recess of the trial and among other things DeSoto had said, "You know, you are messing me up". On cross examination he denied that DeSoto had told him he, DeSoto, did not want to tell anyone Johnson had "put the finger on" Hinkle. DeSoto was then recalled and testified that he had told Johnson he had not wanted to bring out in court that Johnson had given him appellant's name, but he had to do so since Johnson now claimed to have told him the other robber was Michael Brown. Asked if he had used the phrase "You know, you are messing me up" DeSoto said he could not recall using those exact words, but if he were given the complete thought he could tell definitely whether he had said them.

■ The prosecutor had previously said at the bench that he had been present during the DeSoto-Johnson conversation and DeSoto had said, "You messed me up because I didn't want to have to say in the presence of Michael Hinkle who told me about Hinkle then". In view of DeSoto's rebuttal testimony appellant asked permission to call the prosecutor as a witness. When the prosecutor objected, defense counsel suggested the government stipulate that the prosecutor would testify that DeSoto said, "You know, you are messing me up". The prosecutor objected to such a limited stipulation, since it did not give the context in which DeSoto's words were used. Defense counsel argued that DeSoto had testified to the context of the discussion and that counsel now wanted to prove only that the words were uttered. The court ruled that the matter was extraneous and the defense could not call the prosecutor as a witness.

The District Court was well within its discretion in refusing to allow the prosecutor to be called. As demonstrated by defense counsel's insistence on an inaccurate stipulation the testimony would have added nothing to the appellant's case.

■ We also reject appellant's untimely statutory and constitutional challenges to the alleged under-representation of jurors in the under-thirty age group. *See* United States v. Greene, 160 U.S.App.D.C. 21, 489 F.2d 1145 (1973); United States v. Davis, 159 U.S.App. D.C. 55, 486 F.2d 1315 (1973).

The judgment is

Affirmed.