**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard MUTHER,
Defendant–Appellant.**

No. 89–8783.

United States Court of Appeals,
Eleventh Circuit.

Sept. 25, 1990.

---

Rise Weathersby, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

Robert L. Barr, Jr., U.S. Atty., N.D.Ga., David E. McClernan, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before CLARK, Circuit Judge,
MORGAN and HILL*, Senior Circuit
Judges.

MORGAN, Senior Circuit Judge:

Absent certain limited exceptions, general principles of federal appellate jurisdiction require that the review of civil and criminal proceedings await their determination by final judgment. *United States v. Gulledge*, 739 F.2d 582, 584 (11th Cir.1984) (citing *DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962)). *See also* 28 U.S.C. § 1291 (authorizing review of final judgments of district courts). Appellant, Richard Muther, takes this appeal from a provisional sentence imposed by the district court pursuant to 18 U.S.C. § 3552(b). Because we hold that this "provisional" sentence constitutes a non-final order and because none of the limited exceptions to finality apply to authorize this appeal, this case must be dismissed for lack of jurisdiction.

Appellant pleaded guilty to credit card fraud as proscribed by 18 U.S.C. § 1029(a)(2). At the sentencing hearing, the district court expressed its concerns that appellant might be suffering from a personality disorder which had not been contemplated by the sentencing guidelines and might warrant an upward departure from the guidelines. The court determined that it required additional information on appellant's mental condition prior to the imposition of sentence and ordered that appellant be committed for a study pursuant to 18 U.S.C. § 3552(b). Following the requirements of that statute, the court imposed a "provisional" sentence of imprisonment of one hundred and twenty (120) months, the maximum term authorized for the offense committed. It is this "provisional" sentence which appellant sought to appeal in this proceeding.

Title 18 U.S.C. § 3552(b) provides in pertinent part:

> If the court, before or after its receipt of a report specified in subsection (a) or (c), desires more information than is otherwise available to it as a basis for determining the sentence to be imposed on a defendant found guilty of a misdemeanor or felony, it may order a study of the defendant. ... The period of the study shall take no more than 60 days. ... Such an order shall be treated for administrative purposes as a *provisional sentence* of imprisonment for the maximum term authorized by § 3581(b) for the offense committed. ... After receiving the report and the recommendations, the court shall proceed *finally to sentence* the defendant in accordance with the sentencing alternatives and procedures available under this chapter. (emphasis supplied)

Thus, under the statutory scheme utilized by the district court, no final sentence has yet been imposed from which an appeal may be taken. Appellant argues that this court has jurisdiction over his appeal, citing *Corey v. United States*, 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963). *Corey* involved a sentence imposed pursuant to the now repealed 18 U.S.C. § 4208(b). In *Corey*, the Supreme Court determined that a defendant may take an appeal from a conviction and sentence imposed pursuant to 18 U.S.C. § 4208(b) either at the time of imposition of the first, maximum sentence, or subsequently, after completion of the

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

study provided for by that statute and the imposition of a new sentence by the court. *Corey*, 375 U.S. at 173, 84 S.Ct. at 301. While former § 4208(b) is similar to the statute under consideration at bar, it differs in important respects. Section 4208(b) provided that:

> If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof.

The statute also provided that the period of the study could range from three to six months, unlike the 60 to 120 days provided for in § 3552(b) and, more importantly, specified that upon receipt of the study, the court had certain options. "(1) Place the prisoner on probation as authorized by § 3651 of this title, or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law." 18 U.S.C. § 4208(b).

Under § 3552(b), no options for adopting or modifying the provisional maximum sentence are available to the court. The statute provides that the United States Marshal shall return the defendant to the court for *final* sentencing. It is clear that § 3552(b), in contrast to former § 4208(b), provides for two kinds of sentences: an initial "provisional" sentence and a "final" sentence. This language requires the conclusion that the provisional sentence is not final, and hence not a final decision or order of the district court as required by 28 U.S.C. § 1291.

Were we to assume jurisdiction of this appeal at this juncture, appellant would remain free to take a new appeal after the imposition of a "final" sentence by the district court. Such a piecemeal approach to the appellate process is to be avoided. *See Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977) (courts have consistently given effect to firm congressional policy against interlocutory or piecemeal appeals). The impracticality of an appeal from a provisional sentence is amply demonstrated by the issues which appellant sought to raise in this appeal. Appellant contends, *inter alia*, that his right against self-incrimination will be violated by the district court's use of information derived from a psychological study in which he is an unwilling participant. Implicit in this argument is the assumption that the information will be used against appellant to justify an upward departure from the sentencing guidelines. As no final sentence has yet been imposed, it is impossible to determine whether the district court will indeed act as appellant fears and enhance any sentence to be imposed based on information disclosed by the study. We decline to indulge in such speculation and do not express an opinion of the merits of appellant's substantive arguments. APPEAL DISMISSED.