**The PEOPLE of the State of Colorado,**
**Petitioner–Appellee,**

**In the Interest of K.W.S.,**
**Juvenile–Appellant.**

**No. 07CA0667.**

Colorado Court of Appeals,
Div. I.

July 24, 2008.

John W. Suthers, Attorney General, Deborah Isenberg Pratt, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

The Law Office Carol C. Schriefer, P.C., Carol C. Schriefer, Fort Collins, Colorado, for Juvenile–Appellant.

580

Opinion by Judge CRISWELL.*

K.W.S., a juvenile, appeals the trial court's order denying his Crim. P. 35(b) motion challenging a condition of an unrevoked deferred judgment and sentence agreement. We dismiss the appeal for lack of jurisdiction.

The People filed a delinquency petition alleging that K.W.S., then twelve years old, sexually assaulted a six-year-old boy.

On November 28, 2006, the parties executed a one-year deferred adjudication agreement pursuant to the following statutory provisions:

(1) In any case in which the juvenile has agreed with the district attorney to enter a plea of guilty, the court, with the consent of the juvenile and the district attorney, upon accepting the guilty plea, may continue the case for a period not to exceed one year from the date of entry of the plea. The court may continue the case for an additional one-year period for good cause.
(2) Any juvenile granted a deferral of adjudication under this section may be placed under the supervision of a probation department. The court may impose any conditions of supervision that it deems appropriate *that are stipulated to by the juvenile and the district attorney.*
(3) Upon full compliance with such conditions of supervision, the plea of the juvenile or the finding of guilt by the court shall be withdrawn and the case dismissed with prejudice.

§ 19–2–709(1), (2), (3), C.R.S.2007 (emphasis added).

Under the terms of the agreement, K.W.S. pleaded guilty to committing acts which, if committed by an adult, would constitute the offense of unlawful sexual contact in violation of section 18–3–404(1)(a), C.R.S.2007. In addition, K.W.S. agreed to supervision by the probation department with "standard" sex offender conditions.

On January 11, 2007, K.W.S. appeared and urged the court to grant his written motion asking that the court defer or stay the requirement that he submit to genetic marker testing. The trial court denied the request, reasoning that such testing was mandatory under the statute then in effect. Ch. 296, sec. 12, 19–2–925.5(1)(a), 2002 Colo. Sess. Laws 1154 ("As a condition of probation or supervision, any juvenile who ... receives a deferred adjudication for an offense involving unlawful sexual behavior ... *shall* submit to and pay for collection and a chemical testing of [a] biological substance sample from the offender to determine the genetic markers thereof") (emphasis added).

On January 29, 2007, K.W.S. filed a "Motion for Reconsideration of Sentence"—purportedly under Crim. P. 35(b)—in which he argued that, based on the facts of the case, the requirement for genetic marker testing was unreasonable. In addition, K.W.S. challenged the constitutionality of section 19–2–925.5(1)(a) on the ground that it authorized unconstitutional searches and seizures.

The trial court denied K.W.S.'s request for reconsideration without addressing his constitutional argument. K.W.S. then filed this appeal.

After hearing the parties' oral arguments, we asked for supplemental briefs addressing the question of whether the trial court's ruling constitutes an order or judgment that is appealable to this court. In response, K.W.S. argues that the trial court's ruling is appealable because his probationary supervision (one condition of which was the requirement for genetic marker testing) was not deferred. By contrast, the People contend we are without jurisdiction because a deferred judgment and sentence agreement is not subject to direct appellate review unless and until such time as it is revoked. We agree with the People.

■ "The Colorado Court of Appeals is a statutorily created court." *People in Interest of T.D.*, 140 P.3d 205, 212 (Colo.App. 2006). As relevant here, we "have initial jurisdiction over appeals from final judgments of the district courts." § 13–4–102, C.R.S.2007. "This court has no jurisdiction to hear interlocutory appeals or to issue orig-

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2007.

inal writs." *People v. Anderson,* 703 P.2d 650, 652 (Colo.App.1985).

A guilty plea entered pursuant to a deferred judgment and sentence agreement is not subject to review in the same manner as a guilty plea that results in a final conviction or delinquency adjudication:

> Entry of a deferred judgment is the equivalent of suspension of sentence ... [and the deferred judgment and sentence statute applicable in adult criminal prosecutions, now codified as section 18–1.3–102, C.R.S.2007], contains no provision for withdrawal of a plea once the parties have stipulated to and the court has entered its order of deferral, except that upon full compliance with the stipulated conditions of the defendant, "the plea of guilty previously entered shall be withdrawn and the action against the defendant dismissed with prejudice."

*Id.* (motion to withdraw plea, which was filed after the court had accepted the deferred judgment and sentence agreement and prior to any revocation proceeding, was not authorized by Crim. P. 32(d), 33, 34, or 35); *see also* C.R.J.P. 1 ("[p]roceedings in delinquency shall be conducted in accordance with the Colorado Rules of Criminal Procedure, except as otherwise provided by statute or by these rules").

■ Similarly, where a defendant pleads guilty pursuant to a deferred judgment and sentence agreement, "Crim. P. 35 review is not available until a deferred judgment is revoked and a judgment of conviction entered." *People v. Manzanares,* 85 P.3d 604, 611 (Colo.App.2003). The rationale underlying this conclusion is simple: Crim. P. 35 establishes postconviction remedies, and no conviction enters when a deferred judgment and sentence agreement remains unrevoked. "Therefore, review under this rule is not available." *Anderson,* 703 P.2d at 652; *see Manzanares,* 85 P.3d at 611 (unless and until a deferred judgment and sentence agreement is revoked, there is no "conviction" subject to collateral attack).

Further, the conclusion makes sense as a practical matter. As set forth above, under section 19–2–709(2) a trial court's authority to impose supervisory conditions as part of a deferred judgment and sentence agreement extends only as far as the parties stipulate. *See also* 18–1.3–102, C.R.S.2007 (establishing a similar limitation for deferred judgment and sentence agreements in adult criminal prosecutions). Therefore, the unavailability of postconviction review merely preserves the parties' stipulations.

■ Applying these principles here, it is apparent the requirement that K.W.S. submit to genetic marker testing was imposed because he stipulated to a deferred judgment and sentence agreement with supervision by the probation department and "standard" sex offender conditions. The fact that the genetic marker testing was statutorily mandated by Ch. 296, sec. 12, 19–2–925.5(1)(a), 2002 Colo. Sess. Laws 1154, does not alter this determination because it is undisputed that K.W.S.'s stipulation to the deferred judgment and sentence agreement was the event that triggered the applicability of the statutory mandate. Hence, because K.W.S. stipulated to genetic marker testing, we are without jurisdiction to review an order which did nothing more than hold him to this stipulation. *See Anderson,* 703 P.2d at 652.

Because no conviction entered, this case is readily distinguishable from decisions such as *Korematsu v. United States,* 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943), and *Corey v. United States,* 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963)—on which K.W.S. relies—which involved challenges to probationary sentencing orders imposed on convictions that had not been deferred. Although we acknowledge that in *People in Interest of C.B.B.,* 75 P.3d 1148, 1149 (Colo.App.2003), a division of this court entertained an appeal challenging a statutorily-mandated requirement for sex offender registration arising from a deferred judgment and sentence agreement that had not been revoked, it does not appear the issue of jurisdiction was raised in that case. In any event, to the extent the decision in *C.B.B.* may rest on a jurisdictional conclusion different from our own, we decline to follow it. *See In re Estate of Becker,* 32 P.3d 557 (Colo.App.2000) (one division of the court of appeals is not bound by the decision of another division), *aff'd sub*

*nom.* *In re Estate of DeWitt,* 54 P.3d 849 (Colo.2002).

Accordingly, the appeal is dismissed.

Judge RUSSEL and Judge MÁRQUEZ concur.