COOGLER, District Judge,
concurring:
I concur fully in Judge Wilson’s opinion for the majority. I write separately to underscore a few points made therein and, respectfully, to add additional grounds to conclude that the July 1, 2010, judgment sentencing Mr. Muzio to 163 months in prison (“July Judgment”) was final and immediately appealable.
Mr. Muzio sits today where he has been for nearly four years — in a federal prison serving an already-executed sentence. As thoroughly discussed in the majority opinion, Supreme Court precedent mandates that in criminal cases, a judgment becomes final the moment discipline — even discipline less severe than imprisonment — is imposed. See Corey v. United States, 375 U.S. 169, 173, 84 S.Ct. 298, 302, 11 L.Ed.2d 229 (1963) (judgment committing the defendant to the Attorney General’s custody for a three-month diagnostic study before sentencing is final for purposes of appeal); Berman v. United States, 302 U.S. 211, 212-13, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937) (judgment imposing a term of imprisonment is still final for purposes of appeal even when the execution of the sentence is suspended while the defendant is placed on probation); Korematsu v. United States, 319 U.S. 432, 434, 63 S.Ct. 1124, 1126, 87 L.Ed. 1497 (1943) (judgment imposing nothing more than a term of probation is final for purposes of appeal). However, this case does not require us to determine whether a sentence that has been pronounced or imposed but not yet executed is final. Mr. Muzio was told by the district judge at his sentencing hearing nearly four years ago that he must appeal within fourteen days of that date, and he has now already served over forty months of his prison term. Surely when Mr. Muz-io’s sentence was actually executed — in *1257 other words, when he was placed in federal disciplinary confinement — he had the right to an immediate appeal.
Moreover, I do not believe that the district court could have ordered the Bureau of Prisons to execute the July Judgment against Mr. Muzio if the July Judgment had not been final. In civil cases, it is well-established that “[a]n execution ordinarily may issue only upon a final judgment.” Redding & Co. v. Russwine Constr. Corp., 417 F.2d 721, 727 (D.C.Cir.1969); see also Int’l Controls Corp. v. Pesco, 535 F.2d 742, 744 (2d Cir.1976) (quoting Redding & Co.); Gerardi v. Pelullo, 16 F.3d 1363, 1371 n. 13 (3d Cir.1994) (citing Redding & Co. and 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2661 at 128-29 (1983)). Other circuits have applied the civil rule in Redding & Co. to criminal cases to reach the altogether reasonable conclusion that a judgment that lacks finality cannot authorize the imprisonment of a defendant. See United States v. Kalinowski, 890 F.2d 878, 882-83 (7th Cir.1989) (Fairchild, J., concurring) (“It seems logical that in criminal cases something [that is not a final judgment] does not authorize imprisonment of a defendant, collection of his fine, or running of his term of probation”) (internal citation omitted); United States v. Kaufmann, 951 F.2d 793, 795 (7th Cir.1992) (“The sentence cannot be executed [ ] until there is a final judgment on all counts of the indictment. In civil cases the lack of a final judgment prevents execution of a judgment on one claim. A judgment which lacks finality cannot authorize the imprisonment of a defendant.”) (internal citations omitted). This is perhaps why the Federal Rules of Criminal Procedure do not provide a counterpart to Federal Rule of Civil Procedure 54(b), which allows a district court to make final a judgment fully disposing of fewer than all claims, because it “would be particularly unfair to subject a defendant to imprisonment or other punishment without any right to appeal.” Kaufmann, 951 F.2d at 795.
Yet the Dissent determines that Mr. Muzio’s notice of appeal from the July Judgment was premature because the district court, due to an apparent oversight, failed to enter an amended final judgment including the restitution amount. However, in other criminal cases, this Court has implicitly not found appellate jurisdiction lacking where the district court failed to include some other type of required sentencing element — specifically forfeiture— in the sentencing judgment. For example, in a case where the district court failed to enter a final order of forfeiture as part of its sentencing judgment, this Court recognized, “[Forfeiture is a mandatory element of sentencing for [the violation then under consideration]. As such, it must be ordered at a hearing that affords the defendant his right of allocution.” United States v. Gilbert, 244 F.3d 888, 924 (11th Cir.2001) (internal citation omitted) (superseded by rule as stated in United States v. Marion, 562 F.3d 1330, 1341 (11th Cir.2009)).[1] Nonetheless, this Court concluded that even though the sentence was im *1258 posed “in violation of law,” the government’s remedy was to appeal pursuant to 18 U.S.C. § 3742(b)(1). Since the government failed to appeal in a timely fashion, this Court found that it had waived the district court’s error. Id.
Not surprisingly, Gilbert did not discuss whether the sentencing judgment that lacked a required element was sufficiently final to support the appeal before the Court. Implicitly, however, since this Court found that the government’s remedy was to appeal, this Court held that the judgment the government was expected to appeal from was sufficiently final to support that appeal. To the extent that ordering forfeiture and ordering restitution are both mandatory requirements for the district court with regard to sentencing in certain cases, see Federal Rule of Criminal Procedure 32.2(b)(4)(B) (requiring that the order of forfeiture be actually “included” in the sentencing judgment); 18 U.S.C. § 3663A(a)(1) (“[W]hen sentencing a defendant convicted of an offense described in subsection (c), the court shall order ... that the defendant make restitution to the victim of the offense .... ”), not allowing Mr. Muzio to appeal the July Judgment is inconsistent with Gilbert.[2]
To be clear, I am not suggesting that we are bound by this Court’s silence on jurisdiction in previous cases to conclude that we have jurisdiction here. However, this Court is always required to consider its jurisdiction sua sponte. See United States v. Lopez, 562 F.3d 1309, 1311 (11th Cir.2009); but see Ariz. Christian Sch. Tuition Org. v. Winn, — U.S. —, 131 S.Ct. 1436, 1448, 179 L.Ed.2d 523 (2011) (“When a potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision does not stand for the proposition that no defect existed.”) (citing Hagans v. Lavine, 415 U.S. 528, 535, n. 5, 94 S.Ct. 1372, 1377 n. 5, 39 L.Ed.2d 577 (1974) (“[W]hen questions of jurisdiction have been passed on in prior decisions sub silentio, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us.”)). Nonetheless, Gilbert did not involve a simple review of judgment, but instead, a finding that the judgment was such that the government’s failure to appeal from it resulted in a waiver.
Further, if we were to find a lack of jurisdiction, Mr. Muzio may be unable to appeal his conviction and sentence before *1259 he has served the sentence in its entirety, or at least much more of it. After all, there is no guarantee that the U.S. Attorney’s office will ever submit, or the district court will ever enter, an amended final judgment on restitution in this case.[3] Finding no jurisdiction under these circumstances would create an unintended incentive where either the government or the district court could essentially evade appellate review by failing to include a restitution award in a judgment.
While I recognize the federal courts’ “long-established rule against piecemeal appeals in federal cases and the overriding policy considerations upon which that rule is founded,” Andrews v. United States, 373 U.S. 334, 340, 83 S.Ct. 1236, 1240, 10 L.Ed.2d 383 (1963), the rule against piecemeal appeals is a prudential policy employed to promote efficient judicial administration, not a constitutional prohibition. See Cobbledick v. United States, 309 U.S. 323, 325-26, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940) (“[CJongress ... by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration. ... [The rule of finality] is a means for achieving a healthy legal system.”). This is an unusual case, and the facts of this case drive the Court to an unusual conclusion. When faced with the tension, as we are here, between the federal courts’ policy against piecemeal appeals and the right of a defendant to a speedy appeal once a judgment imposing discipline has been executed against him, the defendant’s rights must prevail. See Corey, 375 U.S. at 173, 84 S.Ct. at 302 (“[T]he imposition of such a mandatory three — or six-month term of imprisonment before the defendant could file an appeal might raise constitutional problems of significant proportions.”). Today we affirm Mr. Muzio’s conviction and sentence. But if his conviction and sentence were due to be reversed, and yet we were to dismiss his appeal for lack of a final amended judgment on restitution, Mr. Muzio could never get back the forty months that he has already served in prison or the days he would spend in prison waiting on the district court to issue an acceptable ruling on restitution.
Finally, the Dissent equates Mr. Muzio not being present when the issue of restitution was decided to not being present at his sentencing. There is no question that the absence of a defendant from his sentencing would be a grave concern. But since the district court has not yet entered a final judgment on restitution, any constitutional infirmities that may have been inherent in the district court’s handling of the restitution matter thus far can certainly either be remedied by the district court in its actions following this proceeding or addressed in an appropriate appeal following the entry of a final judgment on the issue of restitution.[4] Importantly, Mr. *1260 Muzio was present when the judgment sentencing him to 163 months in prison was imposed, and for all the reasons stated in the majority opinion and herein, he deserved the right to appeal immediately from that judgment.

. Because the order of forfeiture in Gilbert was entered in 1990, this Court applied an older version of Federal Rule of Criminal Procedure 32, which had been interpreted to mean that a forfeiture order could not be entered until sentencing. See Fed.R.Crim.P. 32(b)(2) (1990) ("Criminal Forfeiture. When a verdict contains a finding of property subject to a criminal forfeiture, the judgment of criminal forfeiture shall authorize the Attorney General to seize the interest or property subject to forfeiture....”); Fed.R.Crim.P. 32 Advisory Committee Notes (1996 Amendments). As the district court in Gilbert entered an order of forfeiture at an “impromptu *1258 hearing” held five months before sentencing and never incorporated the order of forfeiture into the judgment imposing the sentence, this Court held that the order of forfeiture was not part of the defendant's sentence and it did not forfeit the defendant’s property to the government. Gilbert, 244 F.3d at 925-26. However, Federal Rule of Criminal Procedure 32 was amended in 1996 to replace former subdivision (b) with subdivision (d), and Federal Rule of Criminal Procedure 32.2 was adopted in 2000 to govern criminal forfeiture. These amendments allow the district courts to issue a "preliminary order of forfeiture” before sentencing. See Fed.R.Crim.P. 32(d)(2) (1996); Fed.R.Crim.P. 32.2(b)(1), (2) (2000). Still, the district court must include the order of forfeiture, directly or by reference, in the judgment. See Fed.R.Crim.P. 32.2(b)(4)(B).

. The Dissent finds Gilbert distinguishable because the district court in that case thought it had completed the sentencing process, while the district court here was aware that it had not finished sentencing Muzio when it entered the July Judgment. However, the district court's understanding seems irrelevant to the question of finality. Gilbert is instructive because it suggests that it would be proper to appeal a judgment even though that judgment lacked a required sentencing element. Similarly here, the appeal from the July Judgment was appropriate despite the fact that the element of restitution was missing.

. The Dissent suggests that a defendant prejudiced by a district court’s delay in discharging its full sentencing obligation could seek a writ of mandamus ordering the district court to complete the sentencing. While seeking a writ of mandamus from this Court in 2010 would clearly have been the preferred approach, nearly four years have elapsed since then. A refusal to review the July 2010 judgment at this juncture, until Muzio’s counsel obtains a writ of mandamus, would violate the principles recognized by the Supreme Court in Cobbledick v. United States and discussed by the Majority. See 309 U.S. 323, 324-25, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940) (explaining that the rule conditioning appellate jurisdiction on finality should not be enforced when observance of it "would practically defeat the right to any review at all”).

. The Dissent wrongly asserts that the Majority opinion never explains whether it is reviewing the November restitution order, and if not, whether it is because Muzio did not *1260 file a notice of appeal following the entry of that order. As explained in footnote three of the Majority opinion, we are not reviewing the November restitution order because Muz-io did not make his restitution proceeding the subject of this appeal. As such, we need not consider the question that the Dissent focuses on, which is whether the November restitution order lacks the finality necessary to support an appeal. But even if that question was at issue, the Dissent’s analysis in answering it is flawed. The Dissent concludes that the November restitution order cannot be considered the equivalent of a final judgment because the restitution proceeding that precipitated that order violated Muzio's constitutional rights. In so stating, the Dissent appears to suggest that when a judgment is illegal in some way, it cannot be a final judgment. However, determining whether a judgment is final for purposes of appeal is certainly a separate inquiry from determining whether that judgment violates the law.