**Robert Lee MASSIE,
Petitioner-Appellant,**

v.

**George SUMNER, Warden, San Quentin State Prison, Respondent-Appellee.**

No. 79–2703.

United States Court of Appeals,
Ninth Circuit.

June 30, 1980.

Rehearing Denied Aug. 15, 1980.

Robert Lee Massie, in pro. per.

George Deukmejian, Atty. Gen., Sacramento, Cal., for respondent-appellee.

Before DUNIWAY, ANDERSON and TANG, Circuit Judges.

TANG, Circuit Judge:

Robert Lee Massie, a state prisoner, appeals the district court's order dismissing his habeas petition. By this habeas corpus action, Massie challenges the validity of California Penal Code § 1239(b), which pro-

vides for an automatic appeal to the California Supreme Court from a sentence of death. Massie seeks to waive this automatic appeal, contending that his incarceration on death row in San Quentin State Prison pending determination of the forced and unwanted appeal constitutes cruel and unusual punishment and violates his right to refuse counsel under *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Apparently, Massie has no desire to be executed and does not object to spending the rest of his life incarcerated; he, however, finds execution preferable to spending a lengthy period incarcerated on death row.

*Facts*:

In May 1979, Massie pleaded guilty to murder in the first degree and robbery, violations of California Penal Code §§ 187 and 211. Waiving his right to counsel, Massie admitted that he had previously been convicted of murder in the first degree[1] and that the murder to which he was pleading guilty was committed while he was engaged in the commission of a robbery. The death sentence was imposed by the trial court on May 25, 1979.

Pursuant to California Penal Code § 1239(b), an appeal from this judgment was taken automatically and is now before the California Supreme Court.[2] The California Supreme Court denied Massie's motion to dismiss the appeal, denied reconsideration of its denial, and appointed the State Public Defender to represent him in the proceedings.

On July 9, 1979, Massie filed this petition for writ of habeas corpus in the district court. Relying on his Sixth Amendment guarantee of self-representation, Massie contends that an automatic, unwaivable appeal of his death conviction constitutes cruel and unusual punishment in violation of the Eighth Amendment, and deprives him of due process of law. Massie stresses that he is not challenging the validity of the California automatic appeal statute per se,

but only as applied to him individually against his wishes.

At the September 21, 1979 district court hearing on his habeas petition, Massie was not allowed to be present nor was he represented by counsel. The Federal Public Defender had been appointed to represent him, but had been allowed to withdraw because it could not ethically present Massie's arguments. Massie's petition was dismissed by the district court on October 3, 1979, on the grounds that:

> "Petitioner has failed to establish a violation of his constitutional rights. Petitioner has not shown that his incarceration by the state during the period necessary to determine his automatic appeal is cruel and unusual punishment."

Massie appeals from this judgment of the district court.

*Discussion*:

Relying on *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), Massie argues that there is no meaningful difference between forcing an automatic appeal upon a defendant and forcing unwanted counsel upon him. The state asserts, however, that while a litigant may waive the advantage of a law intended solely for his benefit, he may not waive a law established for a public reason.

The California courts have held that a defendant, sentenced to death, may not waive the automatic appeal provisions of California Penal Code § 1239. *People v. Stanworth*, 71 Cal.2d 820, 80 Cal.Rptr. 49, 457 P.2d 889 (1969); *People v. Powell*, 40 Cal.App.3d 107, 115 Cal.Rptr. 109 (1974), *cert. denied* 420 U.S. 994, 95 S.Ct. 1435, 43 L.Ed.2d 677 (1975). In this and other contexts, it has been held that a defendant's waiver or attempted waiver of a right is ineffective where it would also involve the renunciation of a correlative duty imposed upon the courts. *Stanworth*, 80 Cal.Rptr. at 58, 457 P.2d at 898; *People v. Werwee*,

---

1. *See People v. Massie*, 66 Cal.2d 899, 59 Cal. Rptr. 733, 428 P.2d 869 (1967). (Massie was previously confined on death row for 7½ years under the prior murder conviction.)

2. Under California Penal Code § 190.6, Massie's automatic appeal must be decided expeditiously, within 150 days from the time the record is certified on appeal.

112 Cal.App.2d 494, 246 P.2d 704 (1952). In *Stanworth*, the Supreme Court of California stated that while a defendant, sentenced to death, has a right to an automatic review of his conviction, the court likewise has a duty to conduct such a review. 80 Cal.Rptr. at 58, 457 P.2d at 898. The California Court could not avoid nor abdicate this duty, merely because the defendant wished to waive his parallel right. *Id.* 80 Cal.Rptr. at 58, 457 P.2d at 898. See also *People v. Powell, supra* (". . . a substantial benefit is afforded by this procedure (the automatic appeal), both to the accused and to society, when the most severe of all penalties has been imposed"). Addressing this question, the Supreme Court of Pennsylvania commented:

". . . It is evident from the record that Gerard McKenna personally prefers death to spending the remainder of his life in prison. While this may be a genuine conviction on his part, the waiver concept was never intended as a means of allowing a criminal defendant to choose his own sentence. Especially is this so where, as here, to do so would result in state aided suicide. The waiver rule cannot be exalted to a position so lofty as to require this Court to blind itself to the real issue—the propriety of allowing the state to conduct an illegal execution of a citizen."

*Commonwealth v. McKenna*, 476 Pa. 428, 383 A.2d 174 (1978).

■ While Massie is correct in that he enjoys a constitutional right to self-representation, this right is limited and a court may appoint counsel over an accused's objection in order to protect the public interest in the fairness and integrity of the proceedings. *U. S. v. Taylor*, 569 F.2d 448 (7th Cir.), *cert. denied*, 435 U.S. 952, 98 S.Ct. 1581, 55 L.Ed.2d 803 (1978). Similarly, while a defendant may in some contexts enjoy the right to refuse appeals and legal proceedings instituted in his behalf, *see e. g. Bishop v. State*, 597 P.2d 273 (Nev.1979), this right is also limited and a state may require reasonable proceedings in order to protect its own interests in the fairness of its determinations. In the same sense that a state may constitutionally require competency evaluations, a factual basis for a guilty plea, and other routinely accepted proceedings, it may also require a higher court review of a death sentence and conviction.

■ In the instant case, the reasons for this rule become manifest. No hearing was ever held on Massie's competency and there appear to be substantial questions regarding the entire guilty plea and sentencing process, including Massie's waiver of counsel.[3] The state of California has a strong interest in the accuracy and fairness of all its criminal proceedings; this interest is most pronounced in a case such as this where a defendant pleaded guilty and was sentenced to death without the assistance of counsel.

We do not today decide the question whether the conditions of Massie's present confinement on death row constitute cruel and unusual punishment in violation of the eighth amendment. Relief for certain of his complaints may be available under 42 U.S.C. § 1983, but the remedy for an eighth amendment violation is not for this court to order his execution, as Massie requests in this habeas action. We thus decline to do so.

The order of the district court is affirmed.

---

**3.** From the record available, it appears that Massie's court appointed counsel refused to represent him unless he agreed not to waive a jury in the penalty phase of the trial. Wishing to waive his right to a jury, Massie proceeded in propria persona. When Massie requested that standby counsel be permitted to sit at the counsel table with him, the trial court denied this request. The trial court did, however, permit Massie to take all of the time that he wanted to take to communicate with standby counsel either in person or in writing.