Robert MERRY, Appellant,

v.

STATE of Alaska, Appellee.

No. A-1635.

Court of Appeals of Alaska.

March 25, 1988.

Rehearing Denied April 12, 1988.

Larry S. Cohn, Douglas S. Miller, Asst. Public Advocates, Brant McGee, Public Advocate, and Walter R. Share, Anchorage, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

In 1983 Robert Merry pled no contest to two counts of misconduct involving a controlled substance in the third degree, a class B felony. AS 11.71.030(a)(1). Superior Court Judge S.J. Buckalew, Jr., sentenced Merry to five years with three and one-half years suspended. In 1985, Merry committed his second felony. Merry subsequently pled no contest to one count of misconduct involving a controlled substance in the third degree. As a second felony offender convicted of a class B felony, Merry was subject to a four-year presumptive sentence on the 1985 charge. AS 12.55.125(d)(1). Superior Court Judge Roy H. Madsen found that three aggravating factors applied to Merry's crime and sentenced Merry to two years in addition to the four-year presumptive sentence, for a total sentence of six years. In July of 1985, the state moved to revoke Merry's probation on his 1983 conviction. Based on Merry's 1985 conviction, Judge Buckalew revoked Merry's probation on the 1983 conviction and imposed the balance of the five-year term. In effect, Judge Buckalew im-posed a sentence of three and one-half years.

The major issue in this case is whether Judge Buckalew imposed Merry's probation-revocation sentence consecutively or concurrently to Judge Madsen's six-year sentence. In imposing sentence, Judge Buckalew stated:

[Y]ou've really broke your pick this time ... looking at the *Chaney* criteria, and considering the material in the presentence report, I'm persuaded, one, that deterrence, general deterrence—I don't know how you control traffic in this kind of substance, but looking at your conduct while on probation ... an importation of, I don't know, one kilo, a substantial amount of that substance. I assume that profit on that amount of the substance is significant. I have to consider general deterrence also. I had you in here for a similar offense on a kind of Ma and Pa store basis, but you got out of that environment. So, one, I'm persuaded this sentence should properly be *consecutive* to Judge Madsen's sentence. [The prosecutor] frequently comes in here and he plays hard ball, and he asks for substantial time. I don't know whether I follow his recommendations very often. I think I do some times. But in this case, the position of the state, I think, is a reasoned position, ... looking at it carefully, and looking at the evidence that I have before me today, I don't think I could justify on the record not imposing the balance of this term to serve. And it's not an act that I get any real pleasure out of, but I'm going to sentence you to serve the balance of your term, and this sentence is to run *concurrently* with Judge Madsen's sentence, which has the caption 85– I think 4719. You may sit down, Mr. Merry. I'm required to advise you, you do have a right to appeal this sentence, and I'm required to advise you you have thirty days in which to file notice of appeal. I'm also required to caution you, although on this case, I don't think it's a real issue, but I am required to caution you if you appeal on the grounds you think this sentence is too harsh and ex-

cessive, if the appellate court finds that the sentence is in fact too lenient, they could find that to be a fact and find that I'm mistaken. Theoretically, they could send it back to me and require me to impose additional time to serve. Either counsel have a question about the judgment? (Emphasis added.)

Neither party asked any questions. Merry was then fingerprinted, and the court recessed. According to the log notes, approximately ten minutes after the recess, Judge Buckalew came back in court and said on the record:

> In the Merry sentencing which I just finished, I realized I misspoke, and the record reflects that I said concurrently instead of consecutively. My recollection is that I made it abundantly clear my intention was to make these—this sentence consecutive to Judge Madsen's sentence. So I'm correcting the record, if it needs correcting, and instructing my in-court deputy to advise both counsel by phone immediately.

Merry now appeals the sentence arguing that (1) Judge Buckalew's later imposition of a consecutive sentence violated the constitutional provisions prohibiting double jeopardy because a concurrent sentence had already been meaningfully imposed, (2) Judge Buckalew's later pronouncement of sentence outside the presence of Merry and his counsel violated due process, and (3) Judge Buckalew's sentencing Merry to serve time for a probation violation, after Judge Madsen had considered the fact that Merry was on probation as an aggravating factor at the sentencing proceeding on the 1985 charge, violated the constitutional provisions prohibiting double jeopardy. We affirm.

■ Once a sentence is meaningfully imposed, the constitutional provisions prohibiting double jeopardy bar the court from increasing the sentence. *Sonnier v. State*, 483 P.2d 1003, 1005 (Alaska 1971). A sentence is meaningfully imposed when it is legally imposed and not subject to change under the Alaska Criminal Rules. *Shagloak v. State*, 582 P.2d 1034, 1037 (Alaska 1978); *see also Dentler v. State*, 661 P.2d

1098 (Alaska App.1983). The court in *Shagloak* held that a sentence was not subject to change under the criminal rules unless there existed "an objectively ascertainable mistake—a mistake which can be determined by contemporaneous record evidence...." 582 P.2d at 1038.

■ It is clear from the sentencing record that when Judge Buckalew used the word "concurrent," he was making "an objectively ascertainable mistake," and that Judge Buckalew intended to impose a consecutive sentence. During the sentencing argument, Merry's counsel pointed out that Merry was already facing a six-year sentence. Judge Buckalew asked Merry's counsel, "what are you asking me, to run this concurrently with Judge Madsen's sentence?" Merry's counsel responded, "That's correct. Because this has been used to aggravate that sentence." Judge Buckalew stated, "I'm not willing to do it."

In context, Judge Buckalew's remarks before imposing sentence, and his statements when he imposed sentence, make it clear that he intended to impose a consecutive sentence. Judge Buckalew obviously misspoke when he used the word "concurrent."

■ Merry also argues that Judge Buckalew's pronouncement of sentence outside the presence of Merry and his counsel violated his constitutional right to due process, as guaranteed by the fifth and fourteenth amendments of the United States Constitution and article 1, sections 7 and 11 of the Alaska Constitution, and violated his right to be present at critical stages of the trial under Alaska Criminal Rule 38(a).

Criminal Rule 36 provides:

> Clerical mistakes in judgments, orders or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time and after such notice, if any, as the court orders.

Certainly not every correction in a judgment requires the presence of the defendant. Sentencing, however, is a critical stage of a criminal proceeding. Therefore, Judge Buckalew should have brought Merry back into court and corrected the pronouncement error in Merry's presence.

Judge Buckalew, however, gave Merry notice of the fact that he had made the change on the record, and Merry never asked the court to repronounce sentence in his presence. Therefore, requiring Judge Buckalew to hold a hearing to pronounce sentence in Merry's presence now seems pointless. We accordingly find that any error was harmless.

Merry finally argues that Judge Buckalew's order imposing a consecutive sentence violated double jeopardy because Judge Madsen had already (1) aggravated Merry's sentence on the new offense because Merry had been on probation at the time Merry committed the new offense, and (2) punished Merry for the same offense which Judge Buckalew was using to revoke Merry's probation. Both of these arguments fail, however. First, Judge Madsen's use of the fact that Merry was on probation, as an aggravating factor in another sentencing proceeding, is not a punishment for violating probation. Instead, it is an aggravating factor which Judge Madsen could consider in sentencing Merry for the new offense. *See Gryger v. Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 1258–59, 92 L.Ed. 1683 (1948) (enhanced sentence for habitual offender not an additional penalty for the former offenses); *see also Richardson v. State,* 706 P.2d 1188, 1189 (Alaska App.1985) (defendant's use of a firearm may be used to convict the defendant of a class A felony and then to enhance the defendant's sentence without violating double jeopardy because the defendant is only punished once for the crime of robbery). Second, the fact that one act formed the basis for both the criminal conviction and the probation revocation does not violate double jeopardy. *Tritt v. State,* 625 P.2d 882, 885 (Alaska App.1981). Therefore, Judge Buckalew's imposition of a consecutive sentence did not violate double jeopardy.

The sentence is AFFIRMED.