Robert L. **MASSIE,**
Petitioner–Appellant,

v.

Michael **HENNESSEY;** State of California, Respondents–Appellees.

No. 88–1574.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 16, 1988.

Decided May 23, 1989.

Robert R. Bryan and Thomas W. Jackson, San Francisco, Cal., for petitioner-appellant.

Gerald Engler, Deputy Atty. Gen. of the State of Cal., San Francisco, Cal., for respondents-appellees.

Before BRUNETTI and LEAVY, Circuit Judges, and CURTIS,* District Judge.

LEAVY, Circuit Judge:

## FACTS

Against the advice of his counsel, petitioner Robert Lee Massie pleaded guilty to robbery and first degree murder. The trial judge accepted Massie's plea and sentenced him to death.

Both the conviction and sentence were automatically appealed to the California Supreme Court, pursuant to California Penal Code § 1239(b) (West 1982) (amended 1989).[1] Massie moved the state court to dismiss the appeal, on the grounds that he had a constitutional right to waive the appellate process. The motion was denied. While Massie's state court appeal was pending, he sought a writ of habeas corpus in federal district court. The writ was denied. This court affirmed, holding that Massie did not have a constitutional right to waive the automatic appeal. *Massie v. Sumner*, 624 F.2d 72 (9th Cir.1980), *cert. denied*, 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 828 (1981).

The California Supreme Court reversed Massie's conviction, holding that as a matter of law the trial court could not accept a guilty plea against the advice of counsel in a capital case. *People v. Massie*, 40 Cal.3d 620, 625, 221 Cal.Rptr. 140, 144, 709 P.2d 1309, 1313 (1985). The State of California now seeks to prosecute Massie for the robbery and murder.

Massie again sought a federal writ of habeas corpus. He now claimed that a new trial would violate due process under the double jeopardy clause of the fifth amendment,[2] because the automatic appeal after his guilty plea and sentencing was taken over his objection. He also contends the automatic appeal statute violates his equal protection rights, and that a retrial is barred on grounds of res judicata, due process, and multiple punishment.

We affirm the district court's denial of the writ of habeas corpus. We decide here only the narrow question of whether the double jeopardy clause applies to a death penalty case where there is an automatic

---

* The Honorable Jesse W. Curtis, United States District Judge for the Central District of California, sitting by designation.

1. At the time of its application to this case, section 1239(b) provided:
 "When upon any plea a judgment of death is rendered, an appeal is automatically taken by the defendant without any action by him or his counsel."

2. The fifth amendment states, in part, that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

appeal. We hold that Massie may not successfully claim double jeopardy, because: (1) he had no expectation of finality in his sentence; (2) the State of California has constitutional concerns regarding imposition of the death sentence that override any of Massie's objections; and (3) regardless of its mandatory character, the appeal is considered to be Massie's, because it provides him with a substantial benefit.

## DISCUSSION

*Double Jeopardy*

 The issue before us is one of first impression. The constitutional protections of the double jeopardy clause, applicable to the states by the fourteenth amendment, are several:

> Th[e double jeopardy] guarantee has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted). The Supreme Court explains the purpose of the constitutional protection as follows:

> The constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.... The underlying idea ... is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States*, 355 U.S. 184, 187–88, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957).

The Court has also declared that a primary purpose of the double jeopardy clause is " 'to preserve the finality of judgments[.]' " *United States v. DiFrancesco*, 449 U.S. 117, 128, 101 S.Ct. 426, 432, 66 L.Ed.2d 328 (1980) (quoting *Crist v. Bretz*, 437 U.S. 28, 33, 98 S.Ct. 2156, 2159, 57 L.Ed.2d 24 (1978)). However, the Court observes that the "pronouncement of sentence has never carried the finality that attaches to an acquittal." *DiFrancesco*, 449 U.S. at 133, 134, 101 S.Ct. at 435, 436. A defendant "is charged with knowledge of the statute and its appeal provisions, and has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired." *Id.* at 136, 101 S.Ct. at 437.

Here, Massie could have no expectation of finality upon sentencing, where California provides for a mandatory appeal upon imposition of a death sentence, even though he challenged that appeal.

The Supreme Court recognizes that the death penalty is different from any other punishment imposed under our system of criminal justice. Because of the uniqueness of that penalty, the Court has held that death cannot be imposed under circumstances where there is a substantial risk that it would be imposed in an arbitrary and capricious manner. *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). The Court has also stated that a statutory scheme that provides for the automatic appeal of all death sentences is an important safeguard against arbitrariness and caprice. *Gregg v. Georgia*, 428 U.S. 153, 198, 96 S.Ct. 2909, 2937, 49 L.Ed. 2d 859 (1976).

In line with *Furman* and *Gregg*, California has a concern for ensuring against arbitrariness and caprice in a murder conviction and imposition of the death sentence. This most important concern must override any double jeopardy objection Massie may have. This court held previously that the State of California constitutionally may require a higher court review of the death sentence and conviction. *Massie*, 624 F.2d at 74. We observed that in California, the courts have recognized that they have a

duty to conduct such a review, which they cannot avoid or abdicate. *Id.* at 73–4. The California Supreme Court's decision upon mandatory appeal in *Massie,* that a trial court cannot accept a guilty plea against the advice of counsel in a capital case, reflects that State's concern that the death penalty be imposed in accordance with the Constitution.

Ordinarily, a defendant's appeal from a judgment of conviction constitutes a waiver of the double jeopardy defense. *People v. Powell,* 40 Cal.App.3d 107, 143, 115 Cal. Rptr. 109, 132 (1974) (citing 1 Witkin, California Crime, section 215 at 206 (1963)). We reject Massie's argument that because he objected to the mandatory appeal he did not waive the double jeopardy defense. We agree with the California Supreme Court's observation in *Powell* that the mandatory appeal is of substantial benefit to a defendant and to society regardless of the attempt to waive it, and that "[i]t is not logical that its provisions should operate to the benefit of the accused and to the detriment of society." *Powell,* 40 Cal.App. at 143, 115 Cal.Rptr. at 132. The appeal is fairly characterized as Massie's even though it is mandatory, and his waiver of any defense of double jeopardy must be implied by operation of law.

Because the appeal is Massie's, the double jeopardy guarantee " 'imposes no limitations whatever upon the power to *retry* a defendant who has succeeded in getting his first conviction set aside[.]' " *DiFrancesco,* 449 U.S. at 131, 101 S.Ct. at 434 (quoting *Pearce,* 395 U.S. at 720, 89 S.Ct. at 2078 (emphasis in original)). There is no limit because " '[i]t would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction.' " *Id.* (quoting *United States v. Tateo,* 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964)).

" '[T]o require a criminal defendant to stand trial again after he has successfully invoked a statutory right of appeal to upset his first conviction is not an act of governmental oppression of the sort against which the Double Jeopardy Clause was intended to protect.' " *Id.* (quoting *United States v. Scott,* 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978)). The public has an interest in the prosecution having one complete opportunity to convict those who have violated its laws. *Arizona v. Washington,* 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978).[3]

*Equal Protection*

█ Massie contends that the automatic appeal statute denies him equal protection of the laws. To make this argument, he presents a hypothetical situation in which two co-defendants are found guilty of murder. One is sentenced to life imprisonment, while the other is sentenced to death. If the non-capital defendant can waive appeal, but the capital defendant cannot, and the death sentence is reversed after automatic appeal, a violation of equal protection occurs, according to Massie, because of the two similarly situated defendants, one can be retried while other cannot.

Massie's premise, however, is erroneous. In his example, the two defendants are not similarly situated. The relevant comparison for equal protection purposes is between two defendants, both of whom are sentenced to death. Since § 1239(b) is mandatory for all capital defendants, the law does not treat similarly situated capital defendants differently. Massie's equal protection claim fails.

*Res Judicata*

█ Massie claims that res judicata bars the state from prosecuting him on the murder and robbery charges. According to Massie, final judgment was entered on those charges when the trial court accepted his guilty plea. In support of his proposition, Massie cites *Corey v. United States,*

---

**3.** This case is distinguishable from *Arizona v. Rumsey,* 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984). There, the double jeopardy clause barred imposition of a death sentence on remand after appeal, when Rumsey was initially sentenced to life imprisonment. The Court found that Rumsey's original sentence was an acquittal on the merits of the central issue: whether death was the appropriate punishment for his offense. Thus, double jeopardy prevented a second sentence of death where there was an acquittal. 467 U.S. at 211, 104 S.Ct. at 2310.

375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963). *Corey* merely states, however, that the sentence is the final judgment for the purposes of appeal in a criminal case. *Id.* at 174, 84 S.Ct. at 302.

Massie appears to argue that if a conviction is reversed on appeal, the government is barred by res judicata from retrying a defendant. We have already held that "[a] reversed ... judgment cannot serve as the basis for a disposition on the ground of res judicata." *Ornellas v. Oakley,* 618 F.2d 1351, 1356 (9th Cir.1980). Massie's argument is rejected.

*Due Process*

■ Massie's due process claim is that the automatic appeal statute subjects him to "a potentially endless number of retrials." Massie cites *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The question in *Klopfer* was "whether a State may indefinitely postpone prosecution on an indictment without stated justification over the objection of an accused who has been discharged from custody." *Id.* at 214, 87 S.Ct. at 989.

The due process argument raised by Massie is distinguishable from *Klopfer.* California has not suspended prosecution of Massie. Even if he could theoretically be retried an endless number of times under the automatic appeal statute, the state cannot suspend his prosecution under the statute. Klopfer, on the other hand, was left in limbo when the state would neither prosecute him nor dismiss the indictment. Massie is not in limbo so long as his appeal is being prosecuted. We reject Massie's due process claim.

*Double Punishment*

Massie contends that reimposition of the death penalty would constitute double punishment since his time served in prison could not be credited to him. Double punishment is defined as punishment already endured but not credited against a later sentence imposed for any one crime. *See Pearce,* 395 U.S. at 718, 89 S.Ct. at 2077. However, if Massie is convicted for a term of years, his time already served can be credited against that conviction. If, on the other hand, Massie is sentenced to death, it would be impossible to credit time served

against such a sentence. Therefore, Massie's argument has no applicability on these set of facts.

*Robbery*

The California Supreme Court reversed Massie's robbery conviction because if "allowed to stand, 'it would be conclusive on retrial of the murder count and the prosecution would need only prove the fact of the killing in its perpetration in order to obtain a new conviction of first degree murder.' " *Massie,* 40 Cal.3d at 625, 221 Cal.Rptr. at 144, 709 P.2d at 1313 (quoting *People v. Chadd,* 28 Cal.3d 739, 755, 170 Cal.Rptr. 798, 807, 621 P.2d 837, 846, *cert. denied,* 452 U.S. 931, 101 S.Ct. 3066, 69 L.Ed.2d 431 (1981)). Nevertheless, Massie contends that the state can not resentence him on the robbery count without violating double jeopardy and double punishment principles. This argument is not fundamentally different from his previous double jeopardy arguments. In short, since Massie may not waive the automatic appeal, *see Massie,* 624 F.2d at 73–74, the appeal waives any claim of double jeopardy. *Powell,* 40 Cal.App.3d at 143, 115 Cal.Rptr. at 132. Further, if Massie is convicted on the robbery count on remand, any time he previously served can be credited against a later sentence. No prohibition against multiple punishment is violated.

AFFIRMED.