983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. MERRY, Petitioner-Appellant,
v.
STATE OF ALASKA, and Susan Humphrey-Barnett, Alaska
Department of Corrections, Respondents-Appellees.
 No. 92-35265.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1992.*
Decided Jan. 6, 1993.
 
 Before WALLACE, EUGENE A. WRIGHT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This case raises the issue whether a state sentencing judge's ex parte clarification of a sentence to make it run consecutive to, rather than concurrent with, another sentence violates the Double Jeopardy Clause. We hold that, on these facts, it does not.
 
 
 3
 Before we discuss the merits, we must address the State's argument that Merry waived his right to appeal when he did not object to the magistrate judge's report, which the district court adopted in denying his habeas corpus petition. Failure to object to a magistrate judge's conclusion of law does not "standing alone, ordinarily constitute a waiver of the issue." Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir.1991). It is, however, a factor we can consider in determining whether to find waiver. Id.
 
 
 4
 Unlike Martinez, this is not a case in which a party fails both to object to the magistrate judge's recommendation regarding an issue and to raise that issue until its reply brief. Merry could have relied on Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir.1983), and subsequent cases in not objecting to the magistrate judge's report, despite its waiver warning. We hold that Merry's failure to object did not waive his right to appeal.
 
 
 5
 We now address the merits. The district court held that because the sentencing judge's oral pronouncement of sentence was ambiguous, the written judgment controlled. The "oral pronouncement" rule is a firmly established principle of federal criminal law; it is neither mandated by nor inconsistent with the Double Jeopardy Clause. Because Merry was sentenced in state court, the district court should have looked to the Double Jeopardy Clause rather than simply applying the federal "oral pronouncement" rule. Nonetheless, we hold that the sentencing court's actions did not place Merry in double jeopardy. See United States v. $25,000 U.S. Currency, 853 F.2d 1501, 1504 n. 1 (9th Cir.1988) (court of appeals may affirm a correct legal result even if reached for the wrong reasons).
 
 
 6
 Double jeopardy "protects against multiple punishments for the same offense." Massie v. Hennessey, 875 F.2d 1386, 1388 (9th Cir.1989) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)), cert. denied, 494 U.S. 1039 (1990). It does not attach when a defendant begins serving his sentence if he has no reasonable expectation of finality in the sentence. United States v. DiFrancesco, 449 U.S. 117, 136 (1980) (no expectation of finality in sentence, imposed under the Organized Crime Control Act, because Act specifically provided that sentences could be appealed); United States v. Arrellano-Rios, 799 F.2d 520, 523 (9th Cir.1986).
 
 
 7
 Merry could have no expectation of finality in his sentence because Alaska Criminal Rule 36 allows for correction of "clerical mistakes" or "errors in the record arising from oversight or omission." Alaska R.Crim.P. 36; Shagloak v. State, 582 P.2d 1034, 1037-38 (Alaska 1978). To ensure that Rule 36 does not clash with double jeopardy concerns, only "an objectively ascertainable mistake--a mistake which can be determined by contemporaneous record evidence--will justify increasing a sentence." Shagloak, 582 P.2d at 1038.
 
 
 8
 In ruling on Merry's double jeopardy argument, the Alaska Court of Appeals found that "when Judge Buckalew used the word 'concurrent,' he was making 'an objectively ascertainable mistake,' and that [he] intended to impose a consecutive sentence." Merry v. State, 752 P.2d 472, 474 (Alaska Ct.App.1988). The court noted that during the sentencing argument, Judge Buckalew asked Merry's lawyer if he was requesting that the sentence run concurrently. Id. When the attorney responded, "That's correct," the judge stated that he was not willing to do so. Id. The state appellate court rejected Merry's double jeopardy argument, concluding that the judge "obviously misspoke." Id.
 
 
 9
 Because Alaska law allows a sentence to be changed under limited circumstances, Merry could not have had a reasonable expectation of finality in his sentence simply because he began serving it. The Alaska Court of Appeals found that Judge Buckalew made an "objectively ascertainable mistake," and upheld the sentence. We agree.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3