IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-10711

_____


RICHARD DONALD FOSTER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.
_____

Appeal from the United States District Court for the
Northern District of Texas
(4:92-CV-615)
_____

April 14, 2000

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Richard Foster has been sentenced to death by the State of
Texas.  After exhausting his state remedies, he filed a habeas
corpus petition in federal district court.  It was denied, and he
appealed to us.  We then received notice from his counsel stating
that Mr. Foster intended to withdraw his appeal despite the
existence, according to counsel, of meritorious claims.  The notice
was signed by counsel but did not include a signed affidavit by Mr.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Foster. We remanded to the district court for a hearing to confirm that this was Mr. Foster's wish and that he understood the ramifications of his decision. The district court held that hearing with Mr. Foster, his attorney, and the state attorney present. In written findings, the district court concluded that Mr. Foster's waiver was intentional and informed. We entertain no doubts about these findings and conclusions.

There is no federal law mandating habeas corpus review of a death sentence.[1] And Mr. Foster's lawyer cannot pursue an appeal on his clients behalf because counsel lacks both Article III standing and status as a "next friend." See Whitmore v. Arkansas, 495, U.S. 149, 154-66, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). For these reasons, we will allow Mr. Foster to withdraw his appeal.

APPEAL DISMISSED.

---

[1]Some states have laws that mandate state appellate review in death penalty cases. See Autry v. McKaskle, 727 F.2d 358, 361 (5th Cir. 1984)("A state may require reasonable proceedings to protect its own interest in integrity of process, and may refuse to allow a defendant to avoid an appeal required by state law in death cases."); Massie v. Sumner, 624 F.2d 72, 74 (9th Cir. 1980)(allowing state to impose mandatory appeal in death penalty case).