**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

HAROLD C. SPEAR, III, M.D.,
*Defendant-Appellant*.

No. 12-10124

D.C. No.
1:08-cr-00128-
DAE-1

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

HAROLD C. SPEAR, III, M.D.,
*Defendant-Appellant*.

No. 12-10125

D.C. No.
1:07-cr-00299-
DAE-1

OPINION

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted
October 8, 2013—Honolulu, Hawaii

Filed June 5, 2014

Before: Alex Kozinski, Chief Judge, and Raymond C.
Fisher and Paul J. Watford, Circuit Judges.

Opinion by Judge Fisher

## SUMMARY[*]

### Criminal Law

In an appeal from a conviction by guilty plea to distributing controlled substances outside the usual course of professional medical practice and not for a legitimate medical purpose, the panel held that the defendant's knowing and voluntary waiver of the right to appeal his sentence did not extend to this appeal of his conviction.

The panel affirmed the conviction for reasons stated in a concurrently filed memorandum disposition.

### COUNSEL

Michael Robert Levine (argued), Law Office of Michael R. Levine, Portland, Oregon; Sheryl Gordon McCloud, Law Offices of Sheryl Gordon McCloud, Seattle, Washington, for Defendant-Appellant.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Cynthia W. Lie (argued), Michael David Nammar and William L. Shipley, Office of the U.S. Attorney, Honolulu, Hawaii, for Plaintiff-Appellee.

## OPINION

FISHER, Circuit Judge:

Defendant Harold C. Spear, III, M.D., appeals his conviction by guilty plea to five counts of distributing controlled substances outside the usual course of professional medical practice and not for a legitimate medical purpose. The government argues this appeal should be dismissed based on a provision of the plea agreement that limits Spear's appellate rights. We reject this argument and reach the merits of this appeal because Spear's knowing and voluntary waiver of his right to appeal his *sentence* did not extend to this appeal of his *conviction* by guilty plea.[1]

## BACKGROUND

Spear was a licensed physician and the owner and operator of two family practices in Kauai, Hawaii. In June 2007, Spear was indicted in the District of Hawaii for 20 counts of distributing oxycodone and methadone outside the usual course of professional medical practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). A two-count criminal information charging Spear with dispensing hydrocodone outside the usual and customary scope of professional practice and not

---

[1] We address the merits of Spear's appeal in a concurrently filed memorandum disposition.

for a legitimate medical purpose was later filed against him in the Northern District of Alabama, then transferred to the District of Hawaii.

In July 2009, Spear and the government entered a written plea agreement, in which he agreed to plead guilty to four counts of the indictment and one count of the information, and in which the government promised to dismiss the remaining counts. The agreement also contained this appeal waiver provision:

> The defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, *except as indicated in subparagraph "b" below*, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

> a. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

A magistrate judge reviewed this waiver with Spear during his change of plea hearing, explaining that Spear would be "giving up [his] right to appeal or challenge [his] sentence unless it's outside the guideline range or if it has to do with ineffective assistance of counsel." A few weeks later, the district court accepted Spear's guilty plea. Spear twice moved to withdraw his guilty plea, but he withdrew his first such motion and the district court denied his second. Spear was sentenced to 151 months' imprisonment, the low end of the Sentencing Guidelines range, and timely filed this appeal. On appeal, he argues that his guilty plea lacked a sufficient factual basis, that the government breached the plea agreement and that the district court abused its discretion by denying his motion to withdraw his guilty plea.

## STANDARD OF REVIEW

We review de novo whether a criminal defendant has waived his right to appeal. *See United States v. Tercero*, 734 F.3d 979, 981 (9th Cir. 2013).

## DISCUSSION

A defendant's waiver of appellate rights is enforceable when "(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *abrogated on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc)) (internal quotation marks omitted). Spear does not challenge the knowing and voluntary nature of his waiver, but argues that the waiver pertained only to an appeal from his *sentence* and therefore does not encompass this appeal from his *conviction*. We agree.

The language of the waiver provision supports Spear's position. The first sentence refers to Spear's "right to appeal the sentence imposed," signaling that the entire waiver concerns sentencing.

The second sentence states that Spear waived "the right to appeal, except as indicated in subparagraph 'b' below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in [18 U.S.C.] Section 3742, or on any ground whatever." Although the language arguably could be read as waiving "the right to appeal . . . on any ground whatever," that is not a sensible reading. Spear did not waive his right to appeal, full stop, but only his "right to appeal . . . any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined." The two following prepositional phrases, "on any of the grounds set

forth in Section 3742" and "on any ground whatever," describe the bases for potential appeals *of his sentence* or *of the manner in which that sentence was determined*. That is, "any sentence" and "the manner in which that sentence was determined" describe *which* appeals Spear agreed to waive, and "on any of the grounds set forth in Section 3742" and "on any ground whatever" clarify that there were no unlisted exceptions for particular *reasons* supporting such appeals.

We are not convinced by the government's construction of the second sentence as a waiver of Spear's "right to appeal . . . on any of the grounds set forth in Section 3742, or on any ground whatever." This construction, which encompasses all appeals not explicitly excepted, would allow "on any ground whatever" to override all of the provision's specific sentencing language and make most of the provision's first paragraph mere surplusage. In particular, this construction completely eliminates the terms "any sentence" and "the manner in which that sentence was determined," but the grammatical structure of the sentence as it was actually drafted does not allow this excision. If the two prepositional phrases were meant to modify Spear's "right to appeal" generally, then including "any sentence" and "the manner in which that sentence was determined" as specific descriptions of *which* appeals were waived would serve no purpose. *See United States v. Hamdi*, 432 F.3d 115, 123–24 (2d Cir. 2005) (applying to a plea agreement the principle of contract law preferring an interpretation that does not leave a portion of the contract superfluous); *United States v. Brye*, 146 F.3d 1207, 1211 (10th Cir. 1998) (same). We therefore conclude that the language of the waiver limits its scope to sentencing issues. Indeed, the Department of Justice uses very similar language as an example of a "broad sentencing appeal waiver [that] requires the defendant to waive any and

all sentencing issues on appeal." U.S. Dep't of Justice, U.S. Attorneys' Manual, tit. 9, Criminal Resource Manual § 626.**[2]**

Even if we preferred the government's construction, it is at least ambiguous whether the waiver covers appeals of Spear's conviction or only of his sentence. We have "steadfastly appl[ied] the rule that any lack of clarity in a plea agreement should be construed against the government as drafter." *United States v. Cope*, 527 F.3d 944, 951 (9th Cir. 2008) (quoting *United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006)) (internal quotation marks omitted). Requiring the government to bear responsibility for the lack of clarity is particularly appropriate in this context, as there are numerous examples of appellate waivers that clearly encompass both the defendant's right to appeal his sentence *and* his right to appeal his conviction. *See, e.g.*, *United States v. Arias-Espinosa*, 704 F.3d 616, 617 (9th Cir. 2012) ("The agreement included an explicit waiver of his right to appeal his conviction and any sentence imposed within the range permitted by the agreement."); *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009) (quoting the

---

**[2]** The specific text of the example waiver is: "The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255." U.S. Dep't of Justice, U.S. Attorneys' Manual, tit. 9, Criminal Resource Manual § 626. The manual further explains that "[t]he advantage of a broad sentencing appeal waiver is that it will bar the appeal of virtually any Sentencing Guideline issue." *Id.*

plea agreement as requiring the defendant "to give up [his] right to appeal [his] conviction(s), the judgment, and orders of the Court" and "to waive any right [he] may have to appeal any aspect of [his] sentence" (emphasis omitted)).  The government's failure to draft a clear waiver of Spear's right to appeal his conviction also supports limiting the waiver to his right to appeal his sentence.

The rest of the provision further supports this limited interpretation.  As noted above, the first sentence of the provision acknowledges Spear's "right to appeal the sentence imposed."  Subparagraphs (a) and (b) similarly concern only sentencing disputes.  Subparagraph (a) waives Spear's "right to challenge his sentence or the manner in which it was determined in any collateral attack."  Subparagraph (b) preserves Spear's right to "appeal the portion of his sentence greater than specified in [the] guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack."  Because both subparagraphs address only Spear's rights regarding his sentence or the manner in which that sentence was imposed, it is a reasonable inference that the affirmative waiver provision was similarly limited.  *Cf., e.g.*, *United States v. Rivera*, 682 F.3d 1223, 1227 (9th Cir. 2012) (noting that it was reasonable to read exceptions to an appellate waiver as mirroring the coverage of the affirmative waiver itself).[3]

---

[3] The government argues that *United States v. Anglin*, 215 F.3d 1064 (9th Cir. 2000), suggests that this waiver is "a full and complete waiver of all appeal rights."  The language of the *Anglin* waiver was identical to the waiver in this case and *Anglin* did describe it as a "well-developed" and "carefully negotiated waiver of appellate rights."  *Id.* at 1067.  But these observations were made in an appeal raising completely different issues. Anglin did not challenge her conviction and argued "that the district judge

We reject the government's contention that, because the waiver language tracks and cites 18 U.S.C. § 3742, the term "sentence" should be interpreted to mean "judgment," which encompasses the conviction by implication. First, to the extent the government argues that § 3742 is the sole source of a defendant's right to appeal a criminal conviction, it is incorrect. A criminal defendant's statutory right to appeal his *conviction* arises from 28 U.S.C. § 1291, as acknowledged by the government in its jurisdictional statement. *See United States v. De Bright*, 730 F.2d 1255, 1259 (9th Cir. 1984) (en banc). In contrast, § 3742 "is the only source of any right to appeal the *sentence*," *United States v. Joyce*, 357 F.3d 921, 923 (9th Cir. 2004) (emphasis added), and allows review of a sentence when it was imposed in violation of law,[4] was based on an incorrect guidelines application, was above the guidelines range or was plainly unreasonable if no sentencing guideline applied. All these conditions use "sentence" to mean the terms of punishment, not a more general criminal judgment.

---

misapplied the United States Sentencing Guidelines." *Id.* at 1065. The question presented was not whether the scope of the waiver extended beyond sentencing disputes to the defendant's conviction by guilty plea, but whether a waiver had been effectuated at all due to conflicting language elsewhere in the plea agreement. *See id.* at 1066. Here, in contrast, there is no question of the waiver's effectiveness, only its scope.

[4] Sentences imposed in violation of law under 18 U.S.C. § 3742(a)(1) include sentences that exceed the statutory maximum for the crime of conviction, *see United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997) (per curiam), and sentences within the guidelines range that are nevertheless unreasonable, *see United States v. Plouffe*, 445 F.3d 1126, 1130 (9th Cir. 2006). The government has cited no cases, and we are aware of none, that allow a criminal defendant to seek review of his underlying conviction under 18 U.S.C. § 3742(a)(1).

Second, for purposes of interpreting a plea agreement, we look to "what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." *United States v. Lee*, 725 F.3d 1159, 1166 (9th Cir. 2013) (per curiam) (quoting *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993)) (internal quotation marks omitted). Accordingly, we generally construe terms in plea agreements by considering their common legal usage. *See United States v. Streitch*, 560 F.3d 926, 930 (9th Cir. 2009) (interpreting the term "prosecute" in a plea agreement as having its "common usage . . . in connection with the law"); *United States v. Speelman*, 431 F.3d 1226, 1230–31 (9th Cir. 2005) (construing "postconviction proceeding" in a plea agreement by looking to its "common legal usage"). Although the term "sentence" is defined both as "the punishment imposed on a criminal wrongdoer" and as "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty," Black's Law Dictionary 1485 (9th ed. 2009), in common legal usage it generally refers to the former. For example, in *Joyce*, we concluded that under § 3742(a)(3) the term "sentence" meant "fines, periods of imprisonment and supervised release, and mandatory and special conditions of supervised release." 357 F.3d at 924.

The government cites *Corey v. United States*, 375 U.S. 169 (1963), for the proposition that "[t]he sentence is the judgment," but *Corey* is inapposite. *Id.* at 174 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)) (internal quotation marks omitted). In *Corey*, the Supreme Court considered when a criminal defendant may appeal a sentence imposed under 18 U.S.C. § 4208(b), which has since been repealed. *See* Sentencing Reform Act of 1984, Pub. L. No. 98-473, tit. II, ch. 2, § 218(a)(5), 98 Stat. 1037, 2027 (1984). Under § 4208(b), the sentencing judge would first "impose[]

a sentence of imprisonment 'deemed to be' the maximum prescribed by the law, and then, after the defendant has been imprisoned for three or six months, . . . fix[] a new sentence which may be quite different from the one originally imposed." *Corey*, 375 U.S. at 172. The question presented was when the "conventional requirements of finality for purposes of appeal" were satisfied: after the first sentencing, after the second sentencing or, as the Court held, both. *See id.* at 172–74. In this context, therefore, the Court was not equating the sentence with the *judgment of conviction*, as the government argues, but with *final judgment* for purposes of an appeal. *See id.* at 173–74; *see also Korematsu v. United States*, 319 U.S. 432, 434 (1943); *Berman*, 302 U.S. at 212–13.[5]

Finally, we have recognized, at least in passing, that a defendant's waiver of the right to appeal his sentence is distinct from a waiver of the right to appeal his conviction. *See United States v. Littlejohn*, 224 F.3d 960, 964 n.2 (9th Cir. 2000) ("The government concedes in his brief, and we agree, that while Littlejohn's plea agreement included a waiver of his right to appeal his *sentence*, nowhere did he give up his right to appeal his *conviction*."). The government has no support for its argument that a defendant's waiver of the right to appeal his sentence under 18 U.S.C. § 3742 includes by implication a waiver of the right to appeal his conviction. We therefore hold that a defendant's knowing

---

[5] In fact, *Corey* also used "sentence" according to its common legal usage by explaining that after a defendant pleads guilty or is convicted by a factfinder, "[a] judgment of conviction *setting forth the sentence* is then entered." 375 U.S. at 171 (emphasis added). Because the sentence – that is, the quantum of punishment – is set forth in the judgment, the two terms are not synonymous.

and voluntary waiver of his right to appeal his *sentence* does not inherently encompass a knowing and voluntary waiver of his right to appeal his *conviction*.

## CONCLUSION

The government is entitled to receive "what it bargains for but nothing more." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). Because the scope of Spear's appellate waiver concerned only his sentence and the issues raised in this appeal concern only his conviction, Spear did not waive his right to bring this appeal. For the reasons stated in the concurrently filed memorandum disposition, however, we affirm Spear's conviction.

**AFFIRMED.**