**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50297 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-03044-WQH-5 |
| v. | |
| CARLOS COSME, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted December 11, 2014[**]
Pasadena, California

Before: SILVERMAN, BEA, and CHRISTEN, Circuit Judges.

Appellant Carlos Cosme appeals the district court's decision to deny his

motion to withdraw his guilty plea. We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cosme argued before the district court he should be permitted to withdraw his guilty plea because (1) he did not understand he was admitting to factual allegations in the plea agreement that supported his convictions, (2) his attorney pressured him into admitting those allegations and into entering a guilty plea, and (3) there was no factual basis to support his convictions. The district court held an evidentiary hearing and found Cosme's testimony to be incredible and his factual contentions to be without merit.

We review a denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir. 2005). "A defendant may withdraw a guilty plea after its acceptance but before sentencing if the defendant shows 'a fair and just reason for requesting the withdrawal.'" *Id.* (quoting Fed. R. Crim. P. 11(d)(2)(B)). The district court found there was no factual basis for any of Cosme's proffered "fair and just" reasons for withdrawing his guilty plea. And the district court's factual findings were not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). Therefore, the district court did not abuse its discretion in denying Cosme's motion.

2

Moreover, Cosme's plea agreement has a waiver of appellate rights. "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005)). We review "de novo whether a criminal defendant waived his right to appeal." *United States v. Spear*, 753 F.3d 964, 967 (9th Cir. 2014). But we review the "district court's findings for clear error." *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001).

Cosme's waiver is enforceable under *Rahman*'s two-part test. First, the waiver encompasses Cosme's right to appeal the district court's order, as Cosme agreed to waive "to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order." *See Rahman*, 642 F.3d at 1259. Second, Cosme argues his waiver was involuntary for substantially the same reasons he asked to withdraw his guilty plea, and the district court's findings that those reasons had no factual basis were not clear error. Cosme therefore knowingly and voluntarily waived his right to appeal the district court's order. **DISMISSED.**

3