**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10432 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00149-KJD-CWH-3 |
| v. | MEMORANDUM* |
| RODRIGUEZ MADDEN, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted June 11, 2015**
San Francisco, California

Before: SCHROEDER and IKUTA, Circuit Judges, and SEABRIGHT,*** District Judge.

Rodriguez Madden ("Madden") appeals from the district court's judgment

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

and challenges the 92-month sentence imposed following his guilty-plea conviction for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). We have jurisdiction pursuant to 28 U.S.C. § 1291, and dismiss the appeal.

Madden argues that in calculating the Guideline range and sentencing him at its low end, the district court improperly included a two-level enhancement for obstruction and excluded a three-level reduction for acceptance of responsibility. Madden waived the right to appeal on this basis. *See United States v. Spear*, 753 F.3d 964, 967 (9th Cir. 2014). Specifically, the plea agreement includes an explicit waiver of Madden's "right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court," which plainly means that Madden waives the right to appeal the district court's determination of the Guidelines range. Further, Madden "does not contend that his waiver was unknowing or involuntary." *See United States v. Harris*, 628 F.3d 1203, 1206 (9th Cir. 2011). And even if Madden had raised this argument on appeal, we would conclude that this waiver was knowing and voluntary -- during his change of plea, Madden affirmed that he read the plea agreement and reviewed it with his counsel, that his counsel answered all of his questions, and that he understood that he was giving up his right to appeal any sentence imposed within or below the applicable Guideline range as determined by the district court. These procedures are

sufficient to find a knowing and voluntary waiver. *Id.* (internal quotation marks

omitted).

**APPEAL DISMISSED.**