**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10505 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00285-RJB-1 |
| v. | |
| IVORY CROW, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10165 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00285-RJB-1 |
| v. | |
| IVORY CROW, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Robert J. Bryan, Senior District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted May 5, 2016[]
Pasadena, California

Before: BYBEE and N.R. SMITH, Circuit Judges and STEIN,[***] District Judge.

Appellant Ivory Crow was sentenced after pleading guilty to multiple counts of bank fraud and theft of government funds. On appeal, he raises two arguments: (1) the government promised him transactional immunity for his crimes, and (2) he is entitled to the return of money the government took from certain bank accounts. We affirm.[1]

Crow's counsel never raised the issue of transactional immunity below, so we review that issue for plain error. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002). A denial of a motion to return property is reviewed de novo.

---

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

[1]  The government filed a separate motion to dismiss the appeal in part, arguing that Crow waived his right to appeal the transactional immunity issue by unconditionally pleading guilty in the district court. We need not reach this issue because, even assuming Crow did not waive his right to appeal this issue, there is no merit to his argument. *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc) (holding that federal appellate courts maintain jurisdiction even where a defendant unconditionally waives the right to appeal). The government's motion is denied as moot.

*United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008). The district court's related factual findings are reviewed for clear error. *Id*

1.      Crow argues that, as part of a plea agreement in an unrelated case, he was promised transactional immunity for the crimes he is charged with in this case. Plea agreements are governed by everyday contract principles and given their objective meaning: What would a reasonable defendant understand from the plea agreement's written terms and the surrounding circumstances? *United States v. De La Fuente*, 8 F.3d 1333, 1337 (9th Cir.1993); *see also United States v. Spear*, 753 F.3d 964, 969 (9th Cir. 2014) ("[W]e look to 'what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty.'").

Crow has produced no evidence indicating he was promised transactional immunity; indeed the evidence shows just the opposite. The plea agreement and proffer agreement that Crow signed expressly state he was promised *use* immunity, not *transactional* immunity. Crow could not reasonably believe he was being promised blanket transactional immunity where he was expressly promised the narrower use immunity. *See United States v. Plummer*, 941 F.2d 799, 803 (9th Cir. 1991) (holding that defendant was not promised transactional immunity where plea agreement expressly promised only use immunity). Further, the plea agreement dispelled any doubt that Crow was promised anything more because it stated that

3

all of the government's promises were contained in the written agreement. The U.S. inspector who took Crow's proffer specifically told him that he was not being promised anything with respect to a possible future prosecution for his fraud crimes. Nor does anything else in the record indicate Crow reasonably believed he was promised transactional immunity.

Crow argues no reasonable defendant would have helped the government for so little in return. But a defendant cannot challenge a plea agreement because in retrospect he believes it was a bad deal. And in any event, the government gave Crow much more than just use immunity: It also recommended a significant downward sentencing departure in another case.

Crow provided no evidence showing that he was promised transactional immunity, much less establishing the district court plainly erred in not raising the issue on its own. We must therefore affirm the district court's sentence.

2. Crow argues the government wrongfully took $70,000 from his bank accounts and that he is entitled to have this money returned to him. To prevail on a motion for return of property, Crow must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence

has ended.  *United States v. Van Cauwenberghe*, 827 F.2d 424, 433 (9th Cir. 1987).

Crow has not established he is entitled to possess the funds from these accounts or that the funds are not contraband.  Crow admits he deposited stolen checks into these accounts, and there is no indication in the record that Crow partitioned any lawful funds from the illicit funds.  Moreover, these accounts are not even owned by Crow, so he does not have any claim to them even if they did contain untainted funds.

**AFFIRMED.**